| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| *Caption in Compliance with D.N.J. LBR 9004-2(c)* <br><br> Ciardi Ciardi & Astin <br> Albert A. Ciardi, III, Esquire <br> Nicole M. Nigrelli, Esquire <br> Daniel S. Siedman, Esquire <br> 1905 Spruce Street, <br> Philadelphia, PA 19103 <br> Telephone:  215-557-3550 <br> Facsimile:  215-557-3551 <br> aciardi@ciardilaw.com <br> nnigrelli@ciardilaw.com <br> dsiedman@ciardilaw.com |
| *In re:* <br><br> ORBIT ENERGY & POWER, LLC, <br><br>                                 Debtor. |

Order Filed on December 12, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19682(ABA)

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS, AND USE OF EXISTING BANK ACCOUNTS ON A LIMITED BASIS

The relief set forth on the following page(s) two (2) through (9) is hereby **ORDERED.**

**DATED: December 12, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Case Name:    In re Orbit Energy & Power, LLC
Case No.     22-19628(ABA)
Name of Order:   Interim Order Authorizing Use of Cash Collateral and other Relief

THIS MATTER has come before the Court upon the request of Orbit Energy & Power, LLC, the Debtor and Debtor-in-Possession (the "Debtor") (i) for authority to use cash collateral in accordance with the proposed budget, (ii) for authority to pay pre-petition wages and employee benefits, (iii) Authority to Use Existing Accounts on a Limited Basis and (iv) related relief retroactive to the petition date (the "Motion"). Notice of the Motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to (1) Counsel for the Office of the United States Trustee, (2) the Debtor's Top Twenty Unsecured Creditors, (3) the alleged secured companies set forth in the Motion, and (4) the Rule 2002 List of Creditors. The Court, having considered the Motion and any objections thereto, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing**. Notice of the Motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with the Court's Order granting the Debtor's Application for Expedited Consideration, Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.    **Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on December 6, 2022 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.    **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate

Case Name: In re Orbit Energy & Power, LLC
Case No. 22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, and as the term "proceeds" is described in UCC Sections 9-102 and 9-315.

D. **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as **Exhibit "A",** for the time period from the **Petition Date through January 14, 2022** (the "Budget").

E. **Purposes**. The Debtor is authorized to use Cash Collateral only for the purposes and in the amounts not to exceed those specified in each line item as indicated in the Budget. The Court having been informed that parties hereto do not object, and for good cause shown,

IT IS on this _____ day of December, 2022,

The motion is granted as set forth in this order as follows:

1. **Use of Cash Collateral**. The Debtor is authorized to use cash collateral through **January 14, 2022,** solely for the purposes and in the amounts not to exceed those specified in each line item as indicated in the Budget with a variance of ten (10%) percent, and subject to

Case Name:     In re Orbit Energy & Power, LLC
Case No.       22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

compliance with the further terms and provisions of this Order. The Debtor is hereby authorized, on an interim basis and until the Final Hearing, to maintain and continue using its bank account(s) with the same account numbers, in existence on the Petition Date, including, without limitation, those accounts identified in the Motion.

      2. **Validity, Perfection, Priority and Adequate Protection to Republic Bank**. The Debtor represents that as of the Petition Date, the claims and liens of Republic Bank were (a) valid, binding, enforceable, non-avoidable, and properly perfected and were granted to, or for the benefit of, Republic Bank for fair consideration and reasonably equivalent value; (b) senior in priority over any and all other liens on its prepetition collateral; (c) enforceable in accordance with the terms of the prepetition loan documents; and (d) constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code. Nothing herein shall affect the rights of any committee or trustee to review or challenge any liens of Republic Bank. As adequate protection for use of cash collateral, Republic Bank is GRANTED:

      a.  **Adequate Protection Payments**. The Debtor is authorized and directed to pay to Republic Bank in cash a monthly payment in the amount of $5,000.00, as more fully detailed in the Budget.

      b.  **Replacement Lien**. As adequate protection of the interests of Republic Bank in its prepetition collateral to the extent of any diminution in value of such prepetition collateral, Republic Bank is hereby granted a replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Cash Collateral is used by the Debtor, to the extent and validity and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that Republic Bank may have held in the Debtor's pre-petition collateral. To the extent any other creditor holds or asserts a lien position in cash collateral, such creditor shall

Case Name:      In re Orbit Energy & Power, LLC
Case No.        22-19628(ABA)
Name of Order:  Interim Order Authorizing Use of Cash Collateral and other Relief

receive a replacement lien to the same extent, priority and validity as it existed prior to the Petition Date.  Nothing herein shall affect the rights of any committee or trustee to review or challenge any liens or the Debtor's right to challenge the extent, priority and validity of any liens or claims other than Republic Bank.

    c.      **Statutory Rights Under Section 507(b)**.  To the extent the adequate protection provided for hereby proves insufficient to protect the interest of Republic Bank in and to the Cash Collateral, Republic Bank shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6).

    d.      **Deemed Perfected**.  The replacement liens and security interests granted to Republic Bank herein are automatically deemed perfected upon entry of this Order without the necessity of Republic Bank taking possession, filing financing statements, mortgages or other documents only to the same extent priority and validity as existed pre-petition.

    3.      **Adequate Protection**.  As adequate protection for use of cash collateral, the secured creditors other and subordinate to Republic Bank, if any, are GRANTED:

    a.      **Replacement Lien**.  A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Cash Collateral is used by the Debtor, to the extent and validity and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, the secured creditors may have held in the Debtor's pre-petition collateral.  To the extent any other creditor holds or asserts a lien position in cash collateral, such creditor shall receive a replacement lien to the same extent, priority and validity as it existed prior to the

Case Name:     In re Orbit Energy & Power, LLC
Case No.       22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

Petition Date. Nothing herein shall affect the rights of the Debtor, any committee or trustee to review or challenge any liens.

b. **Statutory Rights Under Section 507(b)**. To the extent the adequate protection provided for hereby proves insufficient to protect the interest of parties found to have an interest in and to the Cash Collateral, said parties shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6).

c. **Deemed Perfected**. The replacement liens and security interests granted herein are automatically deemed perfected upon entry of this Order without the necessity of the secured creditors taking possession, filing financing statements, mortgages or other documents only to the same extent priority and validity as existed pre-petition.

d. **Reservation of Rights.** Notwithstanding anything in this order to the contrary, no finding or authorization, whether budgeted or not, shall prejudice any party holding a secured claim, including Global Merchant Cash, Inc. ("GMC"), EBF Holdings, LLC dba Everest Business Funding ("EBF"), TVT 2.0, LLC ("TVT"), Wynwood Capital Group, LLC ("WCG"), Cloudfund, LLC ("Cloudfund") and Reserve Capital Management ("RCM") from raising and being heard on such party's entitlement to such further or additional adequate protection that the circumstances may warrant. GMC, EBF, TVT, WCG, Cloudfund, and RCM consent to the use of cash collateral shall expire on the date set for the Final Hearing, provided GMC, EBF, TVT, WCG, Cloudfund, and RCM may, by motion for adequate protection, revoke such consent at an earlier time. Unless otherwise agreed in writing, GMC, EBF, TVT, WCG, Cloudfund, and RCM's receipt and acceptance of adequate protection, pursuant to this order or

Case Name:     In re Orbit Energy & Power, LLC
Case No.       22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

otherwise, shall not prejudice any of rights of GMC, EBF, TVT, WCG, Cloudfund, and RCM under the applicable agreements with Debtor or the Bankruptcy Code. Nothing herein shall modify the Debtor's right to contest or challenge any party's revocation or objection to the use of cash collateral and if a party revokes consent for the use of cash collateral, the Debtor has the right to continue to use cash collateral until there is a hearing and a court order is entered.

4. **Creditors' Rights of Inspection and Audit and Provision of Financial and other Information**. Upon reasonable notice by either of the secured creditors or the Official Committee of Unsecured Creditors, should one be appointed, Debtor shall permit such party and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of Collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements. The rights of any creditor, or party in interest, to dispute or challenge the validity, perfection, extent, amount and priority of the Bank's claims and liens or otherwise assert claims against the Bank are expressly preserved for seventy-five (75) days from the date of the entry of a final order after a final hearing. The rights of the Debtor, any creditor, party in interest, committee or trustee to challenge the extent priority or validity of any alleged secured creditor or lien holder other than Republic Bank are fully preserved and reserved.

5. **Payment of Prepetition Employee Obligations**. The Debtor is hereby authorized, but not directed, to pay all claims on account of Unpaid Compensation as defined in the Motion pursuant to the Budget, subject to the statutory cap of $15,150.00 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. The Debtor is hereby authorized, but not directed, to continue the Employee Benefits as defined in the Motion in the ordinary course of business postpetition.

- 7 -

Case Name:     In re Orbit Energy & Power, LLC
Case No.       22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

The Debtor is hereby authorized to pay and remit to the appropriate parties all deductions and payroll taxes associated with all Prepetition Employee Obligations as defined in the Motion and to continue to pay and honor such obligations as required in the ordinary course of business postpetition. Nothing in this Order expressly or implicitly grants or approves any bonus or severance plan or practice that is subject to 11 U.S.C. § 503(c) of the Bankruptcy Code.

6. **Interlocutory Order and No Modification of Creditor's Adequate Protection**. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the secured creditors to the relief granted herein; or (b) bar the secured creditors from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on such notice as the Court deems appropriate to the Debtor and other parties-in-interest entitled to notice of same. The Order may be modified for cause shown by the Debtor, the secured creditors or any other party-in-interest on due notice. No such modification, however, shall deprive any party with an interest in cash collateral of its interest in Debtor's property or any rights granted hereunder.

7. **Use of Existing Bank Accounts on a Limited Basis**. The Debtor is hereby authorized, on an interim basis and until the Final Hearing, to maintain and continue using its bank account(s) with the same account numbers, in existence on the Petition Date, including, without limitation, those accounts identified in the Motion. The Debtor shall maintain records of all transfers so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtor's books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Case. This includes maintaining accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

Case Name:     In re Orbit Energy & Power, LLC
Case No.       22-19628(ABA)
Name of Order: Interim Order Authorizing Use of Cash Collateral and other Relief

The Debtor is authorized to open any new bank accounts or close any existing bank accounts as it deems necessary and appropriate in its sole discretion; *provided, however,* that the Debtor give notice within ten (10) days to the U.S. Trustee and any statutory committees appointed in this chapter 11 case; *provided, further*, however that the Debtor shall open any such new bank account at banks that have executed a Uniform Depository Agreement ("UDA") with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement and shall timely indicate the opening of such account on the Debtor's monthly operating report.

The Debtor is authorized, but not directed, to continue using, in their present form, any business forms, as well as checks and other documents related to any bank accounts existing immediately before the Petition Date, without reference to the Debtor's status as a debtor-in-possession; provided that once the Debtor has exhausted its existing stock of business forms, the Debtor shall ensure that any new business forms are clearly labeled "Debtor-In-Possession" and include the corresponding bankruptcy case number on all checks; provided, further, with respect to any business forms including checks that exist or are generated electronically, to the extent reasonably practicable, the Debtor shall ensure that such electronic Business Forms are clearly labeled "Debtor-In-Possession" and include the corresponding bankruptcy case number.

For banks at which the Debtor holds bank accounts that are party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification number, and (c) identify each of its bank accounts held at such bank as being held by a debtor in possession in a bankruptcy case and provide the case number.

8. **<u>Bankruptcy Rules Satisfied/ Waived</u>**.   The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

Case Name:   In re Orbit Energy & Power, LLC
Case No.     22-19628(ABA)
Name of Order:   Interim Order Authorizing Use of Cash Collateral and other Relief

Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

9. **Modification**.  Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

10. **Retention of Bankruptcy Court's Exclusive Jurisdiction**. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## FURTHER INTERIM HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before **the 5th day of January, 2023,** at 5:00 p.m., a written objection and shall appear to advocate said objection at a Further Interim Hearing to be held at **10 a.m. on the 12th day of January, 2023** in Courtroom #4B, of the United States Bankruptcy Court for the District of New Jersey, Camden Division.  In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE OF THE ORDER

**IT IS FURTHER ORDERED** that the Debtor serve a copy of this Order and Notice by first class mail not later than 48 hours after entry of the order, on the following: (1) the Office of the United States Trustee, (2) Top 20 Unsecured Creditors, (3) any alleged secured creditor and (4) any other interested party. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

**Orbit Energy & Power, LLC**
**Cash Budget Summary**

| Week Ending: | Week 1<br>12/9/2022 | Week 2<br>12/16/2022 | Week 3<br>12/23/2022 | Week 4<br>12/30/2022 | Week 5<br>1/6/2023 | Week 6<br>1/13/2023 | Week 7<br>1/20/2023 | Week 8<br>1/27/2023 |
|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | 52,586 | 184,681 | 34,681 | 317,431 | 69,431 | 366,231 | 51,931 | 403,531 |
| **Cash Collections** | | | | | | | | |
| Model Forecast - Solar Project Assumptions | | | | | | | | |
| NTP - Goodleap | 5 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| NTP - Other Lenders | 15 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| **Total NTPs Signed** | **20** | **30** | **30** | **30** | **30** | **30** | **30** | **30** |
| Installs - 100% on Install (Old Deal) | 3 | 10 | 5 | 5 | 5 | 5 | 5 | 7 |
| Installs - Goodleap | 18 | 15 | 20 | 20 | 17 | 17 | 17 | 16 |
| Installs - Other Lenders | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| **Total Installs Completed** | **26** | **30** | **30** | **30** | **27** | **27** | **27** | **28** |
| Avg NTP Payout - Goodleap | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% |
| Avg Install Payout - Goodleap | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% |
| Avg NTP Payout - Other Lenders | 20% | 20% | 20% | 20% | 20% | 20% | 20% | 20% |
| Avg Install Payout - Other Lenders | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% |
| Avg Solar Job Value Net of Fees | $38,000 | $38,000 | $38,000 | $38,000 | $38,000 | $38,000 | $38,000 | $38,000 |
| Avg Solar (& Other) Job Materials % of Sales | 35% | 35% | 35% | 35% | 35% | 35% | 35% | 35% |
| Solar Cash Receipts | | | | | | | | |
| NTP - Goodleap | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| NTP - Other Lenders | 114,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 |
| Installs - 100% on Install (Old Deal) | 114,000 | 380,000 | 190,000 | 190,000 | 190,000 | 190,000 | 190,000 | 266,000 |
| Installs- Goodleap | 684,000 | 570,000 | 760,000 | 760,000 | 646,000 | 646,000 | 646,000 | 608,000 |
| Installs - Other Lenders | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 |
| **Total Solar Cash Receipts** | **1,064,000** | **1,254,000** | **1,254,000** | **1,254,000** | **1,140,000** | **1,140,000** | **1,140,000** | **1,178,000** |
| Water Projects | | | | | | | | |
| Installs | 21 | 21 | 21 | 21 | 22 | 23 | 24 | 25 |
| Avg Water Job Value Net of Fees | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 |
| Avg Water Job Materials % of Sales | 35% | 35% | 35% | 35% | 35% | 35% | 35% | 35% |
| **Total Water Cash Receipts** | **126,000** | **126,000** | **126,000** | **126,000** | **132,000** | **138,000** | **144,000** | **150,000** |
| Other | 75,000 | 100,000 | 75,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Miscellaneous | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Consumer Finace Clawbacks (Contra Revenue) | 400,000 | 100,000 | 200,000 | 100,000 | 200,000 | 100,000 | 100,000 | 100,000 |
| **Total Cash Collections** | **865,000** | **1,380,000** | **1,255,000** | **1,380,000** | **1,172,000** | **1,278,000** | **1,284,000** | **1,328,000** |
| **Cash Disbursements** | | | | | | | | |
| Fixed Expenses | | | | | | | | |
| Payroll, Taxes, Fees | 0 | 850,000 | 0 | 850,000 | 0 | 850,000 | 0 | 850,000 |
| Employee Benefits & Insurance | 55,155 | 0 | 0 | 0 | 50,000 | 0 | 0 | 0 |
| Business Insurance | 0 | 0 | 183,000 | 0 | 0 | 0 | 183,000 | 0 |
| Total Debt Service (Republic Bank) | 0 | 0 | 5,000 | 0 | 0 | 0 | 5,000 | 0 |
| Truck Leases (Bancopr) | 0 | 0 | 0 | 0 | 50,000 | 0 | 0 | 0 |
| Rent | 0 | 0 | 0 | 0 | 35,000 | 0 | 0 | 0 |
| Credit Cards | 75,000 | 75,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 |
| Leads | 100,000 | 75,000 | 115,000 | 115,000 | 115,000 | 115,000 | 115,000 | 115,000 |
| Customer Liability Payments | 0 | 0 | 15,000 | 0 | 0 | 0 | 0 | 0 |
| **Total Fixed Expenses** | **230,155** | **1,000,000** | **403,000** | **1,050,000** | **335,000** | **1,050,000** | **388,000** | **1,050,000** |
| Variable Expenses | | | | | | | | |
| Trade Vendor Payments | **492,750** | **520,000** | **559,250** | **568,000** | **530,200** | **532,300** | **534,400** | **549,800** |
| Solar Job Materials | 372,400 | 400,000 | 438,900 | 438,900 | 399,000 | 399,000 | 399,000 | 412,300 |
| Water Job Materials | 44,100 | 40,000 | 44,100 | 44,100 | 46,200 | 48,300 | 50,400 | 52,500 |
| Other Job Materials | 26,250 | 30,000 | 26,250 | 35,000 | 35,000 | 35,000 | 35,000 | 35,000 |
| IT/Google | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Promos | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Subcontractors | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Permits | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Other Variable Expenses | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Miscellaneous | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Variable Expenses** | **502,750** | **530,000** | **569,250** | **578,000** | **540,200** | **542,300** | **544,400** | **559,800** |
| **Total Cash Disbursements** | **732,905** | **1,530,000** | **972,250** | **1,628,000** | **875,200** | **1,592,300** | **932,400** | **1,609,800** |
| **Net Cash Balance** | **184,681** | **34,681** | **317,431** | **69,431** | **366,231** | **51,931** | **403,531** | **121,731** |
| **Adjustment to Bank Balance** | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Ending Cash Balance** | **184,681** | **34,681** | **317,431** | **69,431** | **366,231** | **51,931** | **403,531** | **121,731** |

**Orbit Energy & Power, LLC**
**Cash Budget Summary**

| Week Ending: | Week 9 2/3/2023 | Week 10 2/10/2023 | Week 11 2/17/2023 | Week 12 2/24/2023 | Week 13 3/3/2023 |
|---|---|---|---|---|---|
| **Beginning Cash Balance** | 121,731 | 693,831 | 314,531 | 731,131 | 514,331 |
| **Cash Collections** | | | | | |
| Model Forecast - Solar Project Assumptions | | | | | |
| NTP - Goodleap | 10 | 10 | 10 | 10 | 10 |
| NTP - Other Lenders | 20 | 20 | 20 | 20 | 20 |
| **Total NTPs Signed** | **30** | **30** | **30** | **30** | **30** |
| Installs - 100% on Install (Old Deal) | 8 | 10 | 11 | 12 | 14 |
| Installs - Goodleap | 15 | 14 | 13 | 13 | 11 |
| Installs - Other Lenders | 5 | 5 | 5 | 5 | 5 |
| **Total Installs Completed** | **28** | **29** | **29** | **30** | **30** |
| Avg NTP Payout - Goodleap | 0% | 0% | 0% | 0% | 0% |
| Avg Install Payout - Goodleap | 100% | 100% | 100% | 100% | 100% |
| Avg NTP Payout - Other Lenders | 20% | 20% | 20% | 20% | 20% |
| Avg Install Payout - Other Lenders | 80% | 80% | 80% | 80% | 80% |
| Avg Solar Job Value Net of Fees | $38,000 | $38,000 | $38,000 | $38,000 | $38,000 |
| Avg Solar (& Other) Job Materials % of Sales | 35% | 35% | 35% | 35% | 35% |
| Solar Cash Receipts | | | | | |
| NTP - Goodleap | 0 | 0 | 0 | 0 | 0 |
| NTP - Other Lenders | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 |
| Installs - 100% on Install (Old Deal) | 304,000 | 380,000 | 418,000 | 456,000 | 532,000 |
| Installs- Goodleap | 570,000 | 532,000 | 494,000 | 494,000 | 418,000 |
| Installs - Other Lenders | 152,000 | 152,000 | 152,000 | 152,000 | 152,000 |
| **Total Solar Cash Receipts** | **1,178,000** | **1,216,000** | **1,216,000** | **1,254,000** | **1,254,000** |
| Water Projects | | | | | |
| Installs | 26 | 27 | 28 | 29 | 29 |
| Avg Water Job Value Net of Fees | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 |
| Avg Water Job Materials % of Sales | 35% | 35% | 35% | 35% | 35% |
| **Total Water Cash Receipts** | **156,000** | **162,000** | **168,000** | **174,000** | **174,000** |
| Other | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Miscellaneous | 0 | 0 | 0 | 0 | 0 |
| Consumer Finace Clawbacks (Contra Revenue) | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| **Total Cash Collections** | **1,334,000** | **1,378,000** | **1,384,000** | **1,428,000** | **1,428,000** |
| **Cash Disbursements** | | | | | |
| Fixed Expenses | | | | | |
| Payroll, Taxes, Fees | 0 | 850,000 | 0 | 850,000 | 850,000 |
| Employee Benefits & Insurance | 0 | 50,000 | 0 | 0 | 0 |
| Business Insurance | 0 | 0 | 183,000 | 0 | 0 |
| Total Debt Service (Republic Bank) | 0 | 0 | 5,000 | 0 | 0 |
| Truck Leases (Bancopr) | 0 | 45,000 | 0 | 0 | 0 |
| Rent | 0 | 35,000 | 0 | 0 | 0 |
| Credit Cards | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 |
| Leads | 115,000 | 115,000 | 115,000 | 115,000 | 115,000 |
| Customer Liability Payments | 0 | 0 | 0 | 0 | 0 |
| **Total Fixed Expenses** | **200,000** | **1,180,000** | **388,000** | **1,050,000** | **1,050,000** |
| Variable Expenses | | | | | |
| Trade Vendor Payments | **551,900** | **567,300** | **569,400** | **584,800** | **584,800** |
| Solar Job Materials | 412,300 | 425,600 | 425,600 | 438,900 | 438,900 |
| Water Job Materials | 54,600 | 56,700 | 58,800 | 60,900 | 60,900 |
| Other Job Materials | 35,000 | 35,000 | 35,000 | 35,000 | 35,000 |
| IT/Google | 0 | 0 | 0 | 0 | 0 |
| Promos | 0 | 0 | 0 | 0 | 0 |
| Subcontractors | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Permits | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Other Variable Expenses | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Miscellaneous | 0 | 0 | 0 | 0 | 0 |
| **Total Variable Expenses** | **561,900** | **577,300** | **579,400** | **594,800** | **594,800** |
| **Total Cash Disbursements** | **761,900** | **1,757,300** | **967,400** | **1,644,800** | **1,644,800** |
| **Net Cash Balance** | **693,831** | **314,531** | **731,131** | **514,331** | **297,531** |
| **Adjustment to Bank Balance** | 0 | 0 | 0 | 0 | 0 |
| **Ending Cash Balance** | **693,831** | **314,531** | **731,131** | **514,331** | **297,531** |