| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption is in compliance with D.N.J. LBR 9004-1(b)<br>**McElroy, Deutsch, Mulvaney**<br>**& Carpenter, LLP**<br>Jeffrey Bernstein, Esq.<br>William Aumenta, Esq<br>Gaston Loomis, Esq..<br>570 Broad Street<br>Newark, NJ 07102<br>Telephone: (973) 565-2183<br>Facsimile: (973) 622-5314<br>jbernstein@mdmc-law.com<br>waumenta@mdmc-law.com<br>gloomis@mdmc-law.com<br><br>*Counsel to Ferguson Enterprises, Inc.* |

| In re: | Chapter 11 |
|---|---|
| ORBIT ENERGY & POWER LLC, | Case No.: 22-19628-ABA |
| Debtor. | |

**LIMITED OBJECTION OF FERGUSON ENTERPRISES LLC TO THE MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESION (I) FOR AUTHORITY TO USE CASH COLLATERAL, (II) FOR AUTHORITY TO PAY PRE-PETITION WAGES, (III) AUTHORIZING THE USE OF EXISTING BANK ACCOUNTS ON A LIMITED BASIS AND (IV) GRANTING RELATED RELIEF RETROACTIVELY TO THE PETITION DATE [D.I. #2]**

Ferguson Enterprises LLC ("Ferguson"), by and through the undersigned counsel, hereby submits this Limited Objection (the "Objection") to the Motion of the Debtor and Debtor-in-Possession (I) For Authority to Use Cash Collateral, (II) For Authority to Pay Pre-Petition Wages, (III) Authorizing the Use of Existing Bank Accounts on a Limited Basis and (IV) Granting Related Relief Retroactively to the Petition Date (the "Cash Collateral Motion") [D.I. No. # 2], and in support of its Objection, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Cash Collateral Motion and this limited objection pursuant to 28 U.S.C. § 1334. The Cash Collateral Motion and the objection are core

proceedings pursuant to 28 U.S.C. § 157. Venue for the Cash Collateral Motion and the objection is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 27, 2022 (the "Petition Date"), the Debtor commenced this case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that is now pending with this Court. The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to Bankruptcy Code Section 1107(a) and 1108.

3. Prior to the Petition Date, the Debtor entered into a credit agreement with Ferguson (the "Agreement") to allow it to purchase certain goods from Ferguson on credit. A true and correct copy of the Agreement is attached hereto as Exhibit A.

4. To secure its obligations under the Agreement, the Debtor agreed that

> all funds owed to or received by [the Debtor] from any source, resulting from the labor or material supplied by [Ferguson] shall be held in trust for the benefit of [Ferguson]. [The Debtor] agrees to promptly pay to Seller all such funds. Upon request, [the Debtor] shall irrevocably assign to [Ferguson] its account receivable from anyone to the extent such is resulting from the labor or material supplied by [Ferguson].

Agreement, ¶ 4.

5. Ferguson is currently owed $131,500.96 for the value of unpaid goods (the "Goods") sold to the Debtor pursuant to the Agreement.

6. With respect to the Goods, Ferguson has not been able to determine whether the Debtor has sold them in the ordinary course of its business.

7. Indeed, Ferguson has filed a reclamation claim for a subset of these Goods received by the Debtor during the 45 day period prior to the Petition Date [Dkt. #57].

Basis for Limited Objection

8. Pursuant to the Agreement, Ferguson holds a trust claim to the extent the Debtor is in possession of proceeds or owed proceeds from any source, resulting from the Goods. The Agreement also mandates that such proceeds be turned over to Ferguson and that any related accounts receivable be assigned to Ferguson.

9. Ferguson does not object to the Cash Collateral Motion, except to the extent its trust claims and associated rights to the proceeds generated from the Goods are not recognized in the interim and final orders granting the Cash Collateral Motion.

## **LIMITED OBJECTION**

10. Pursuant to New Jersey law, the existence of a trust turns on the intentions of the parties. *States v. Atlantic City Elec. Co.*, 128 A.2d 861 (N.J. 1957) ("Whether a trust or a debt is created when one party pays money to another primarily depends upon their intention").

11. This intent is determined by the parties' contract. *Baldwin v. Univ. of Pittsburgh Med. Cntr.*, 636 F.3d 69, 76 (3d. Cir. 2011) ("strongest objective manifestation of intent is the language of the contract"); *S.P. Dunham v. 26 East State St. Realty Co.*, 134 N.J. Eq. 237, 243 – 44 (N.J. Super. Ch. 1953).

12. Indeed, New Jersey law recognizes that trusts can be created by contract, whether oral or written. *In re Ameripay, LLC*, 2012 WL 246397, *9 (Bankr. D.N.J. Jan. 25, 2012); *see also In re Alcon Demolition, Inc.*, 204 B.R. 440, 449 (Bankr. D.N.J. 1997) (recognizing express trust created by words in indemnity agreement); *In re N. McCormick*, 283 B.R. 680, 684 (Bankr. W.D. Pa. 2002) (language created a recognized trust); *In re*

*Kamara*, 2012 5879718, *6 (Bankr. D. Del. 2012) ("Commonly an express trust is created by a formal written agreement demonstrating clear intent of the parties.").

13. In this case, the Agreement manifests the parties' intention to create a trust for the benefit of Ferguson, with respect to any proceeds generated from the Goods.

14. To the extent the Debtor has sold any Goods, any associated proceeds received or owed to the Debtor belong to Ferguson and should be recognized as such in the interim and final orders granting the Cash Collateral Motion.

15. Hence, to resolve Ferguson's limited objection, the following language, or substantially similar language, should be included in the interim and final orders granting the Cash Collateral Motion:

> Notwithstanding anything in the Motion, the Interim Order or Final Order to the contrary, any funds owed to or received by the Debtor from any source, resulting from goods that Ferguson Enterprises LLC supplied to the Debtor, are considered the property of Ferguson subject to Ferguson's trust claim and should be turned over to Ferguson as such funds are identified. Ferguson shall be granted a replacement trust fund claim for any of these funds that the Debtor has spent or otherwise used

{REMAINDER OF PAGE INTENTIONALLY LEFT BLANK}

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Ferguson respectfully requests that the interim and final orders issued in connection with the Cash Collateral Motion be modified as set forth above.

Dated: January 6, 2023          Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein
William Aumenta
Gaston Loomis
570 Broad Street
Newark, NJ 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
E-mail: jbernstein@mdmc-law.com
        waumenta@mdmc-law.com
        gloomis@mdmc-law.com

*Counsel for Ferguson Enterprises LLC*