UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

Marcella Jayne, Esq.
NJ Bar No. 298822019
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
Telephone: 212-682-7474
mjayne@foley.com

-and-

Geoffrey S. Goodman
pro hac vice forthcoming
Foley & Lardner LLP
321 N. Clark St., Suite 3000
Chicago, IL 60654
Telephone: 312-832-4500
Facsimile: 312-832-4700
ggoodman@foley.com

| In re: | Case No.: 22-19628 |
|---|---|
| ORBIT ENERGY & POWER, LLC, | Chapter: 7 |
| Debtor | Judge: Andrew B. Altenburg, Jr. |

## NOTICE OF MOTION OF ENTERPRISE FM TRUST FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that, on March 24, 2023, Enterprise FM Trust ("Enterprise"), filed the *Motion for Relief from the Automatic Stay* (the "Motion").[1]

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") to consider the Motion will be held before the Honorable Andrew B. Altenburg, Jr., United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, 400 Cooper Street,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4th Floor, Camden, NJ 08101, Courtroom 4B (the "Court"), on **April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that, by the Motion, Enterprise is seeking, among other things, a waiver of the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

**PLEASE TAKE FURTHER NOTICE** that, unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that any answering papers or objections to the Motion must be filed and served at least seven (7) days before the return date of Motion. If you wish to object to the Motion, you must file responding papers stating with particularity the basis of objection to the Motion. All such responsive papers must be filed with the Clerk of the Bankruptcy Court for the District of New Jersey, located at 400 Cooper Street, 4th Floor, Camden, NJ 08101, and served simultaneously upon, (a) Marcella Jayne, Foley & Lardner LLP, 90 Park Avenue, New York, New York 10016, as counsel for Enterprise;

**PLEASE TAKE FURTHER NOTICE** that oral argument is only requested if the Motion is contested or so directed by the Court; and

**PLEASE TAKE FURTHER NOTICE** that this matter does not involve complicated issues of law or fact and therefore no brief is necessary. However, if responsive papers are filed in opposition to the Motion, Enterprise reserves the right to respond to any issues of law raised therein in the form of a brief or a memorandum of law.

[SIGNATURE ON NEXT PAGE]

Dated: March 24, 2023

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/Marcella M. Jayne*
Marcella Jayne, Esq.
NJ Bar No. 298822019
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
Telephone: 212-682-7474
mjayne@foley.com
*Counsel for Enterprise FM Trust*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-2(c)*<br><br>Marcella Jayne, Esq.<br>NJ Bar No. 298822019<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016-1314<br>Telephone: 212-682-7474<br>mjayne@foley.com<br><br>-and-<br><br>Geoffrey S. Goodman<br>*pro hac vice forthcoming*<br>Foley & Lardner LLP<br>321 N. Clark St., Suite 3000<br>Chicago, IL 60654<br>Telephone: 312-832-4500<br>Facsimile: 312-832-4700<br>ggoodman@foley.com | |
| In re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>                                    Debtor | Case No.: 22-19628<br><br>Chapter: 7<br><br>Judge: Andrew B. Altenburg, Jr. |

**ENTERPRISE FM TRUST'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

Enterprise FM Trust ("Enterprise"), through its undersigned counsel, hereby moves, pursuant to 11 U.S.C. §§ 362(d)(1) and 503(b)(1), for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting relief from the automatic stay to allow Enterprise to terminate the Master Equity Lease Agreement (the "Master Lease Agreement"), dated September 6, 2022, by and between Enterprise and Orbit Energy & Power, LLC (the "Debtor") and repossess vehicles (collectively, the "Vehicles") leased to the Debtor under the Master Lease Agreement. In support of the Motion, Enterprise submits the *Statement of Amount*

*Due Pursuant to D.N.J. LBR 4001-1(a)(1)* (the "Statement of Amount Due"), attached hereto as **Exhibit B**. A copy of the Master Lease Agreement is attached hereto as **Exhibit C**. A list, identifying each Vehicle description and VIN, is attached hereto as **Exhibit D**. Enterprise also requests a waiver of the fourteen-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In further support of this Motion, Enterprise respectfully represents the following:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal bases for the relief requested herein is section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 4001 and 9014, and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### FACTUAL BACKGROUND

3. On December 6, 2022 (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). On February 27, 2023, the Chapter 11 case was converted to Chapter 7 (the "Conversion Date"). On February 27, 2023, Andrew Finberg, Esq. was appointed as the trustee for the Debtor (the "Chapter 7 Trustee"). As such, the Debtor is no longer operating as a going concern and the Vehicles are not necessary for the Debtor's estate.

4. Enterprise operates as an automobile services company that focuses its services in automobile and truck leasing and renting at corporate volumes. Enterprise entered into the Master Lease Agreement with the Debtor whereby Enterprise agreed to make the Vehicles available to the Debtor's Corporate Representatives for business use at the rates set forth in the Agreement. *See* Master Lease Agreement, ¶ 1.

5. The Master Lease Agreement provides that Enterprise may repossess the Vehicle upon the Debtor's default under the Master Lease Agreement. *See* Master Lease Agreement, ¶ 14. As of the date hereof, the Debtor has not made multiple payments under the Master Lease Agreement in the aggregate amount of $196,032.45, which includes both pre- and post-Petition Date lease payments. The Debtor did not make any post-Petition Date payments under the Master Lease Agreement.

6. As such, during the chapter 11 phase of the Debtor's case, Enterprise's counsel reached out to the Debtor's counsel to address the Debtor's non-payment of post-petition amounts due and explore potential resolutions. The Debtor asked Enterprise to essentially "hang in there," despite not receiving any payments, in order to allow the Debtor to try and successfully emerge from chapter 11. As the Court is aware, those efforts were unsuccessful.

7. During the pendency of the Chapter 11 Case, when it became apparent that the Debtor would not need to use Enterprise's vehicles, the Debtor voluntarily returned all but one of the Vehicles to Enterprise. The only remaining Vehicle in the Trustee's possession in a Ram 2500 truck that, on information and belief, is currently located at 106 Mantua Bvd., Mantua Township, NJ 08051 (the "<u>Ram Truck</u>").

8. After the Conversion Date, Enterprise reached out to counsel for the Chapter 7 Trustee regarding the return of the Ram Truck, and the Chapter 7 Trustee requested that Enterprise file this motion as a condition to the Trustee returning the Ram Truck.

**RELIEF REQUESTED**

9. Enterprise seeks entry of the Proposed Order modifying the automatic stay to allow Enterprise to terminate the Master Lease Agreement and repossess the Vehicle. Out of an abundance of caution and after discussions with the Chapter 7 Trustee, Enterprise also asks for modification of the stay to approve the Debtor's voluntary return of the remaining Vehicles to Enterprise during the pendency of the Chapter 11 Case, *nunc pro tunc* to their return to the extent necessary.

**BASIS FOR RELIEF**

**I.    Enterprise Has Cause For Relief From The Automatic Stay**

10. The filing of the bankruptcy petition creates an automatic stay that prevents the commencement or continuation of proceedings against the Debtor. 11 U.S.C. § 362(a)(1). Under 11 U.S.C. § 362(d)(1), courts may grant relief from the automatic stay for "cause." Grounds constituting "cause" are determined by courts on a case by case basis. *See, e.g., Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).

11. Cause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors. *In re Chirillo*, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988). "[T]he Court determines the existence of cause under § 362(d)(1) by examining the totality of the surrounding circumstances." *In re Dennen*, 539 B.R. 182, 186 (Bankr. D. Colo. 2015). The Court may consider certain factors to determine whether "cause" exists to lift the automatic stay. Such factors include: (1) whether great prejudice to either the bankrupt estate or debtor will result from lifting the stay; and (2) whether the hardship to the non-bankrupt party by maintenance of

4

the stay outweighs the hardship to the debtor. *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

12. Here, "cause" exists for Enterprise to terminate the Master Lease Agreement and allow Enterprise to repossess the Vehicles because (a) the Vehicles are not necessary for the liquidation or reorganization of the Debtor's estates, (b) the value of the Vehicles continue to decrease daily without the Debtor paying any benefit to the Enterprise for the use and possession of the Vehicle. Courts have also found that "cause" exists to lift the automatic stay to terminate an agreement due to the Debtor's failure to pay post-petition amounts as they came due. *See In re Vizstara, LLC*, 10-49434 DHS, 2011 WL 4433593, at *4 (Bankr. D.N.J. Sept. 21, 2011); *In re Bodine*, 3-88-04005, 1989 WL 587592, at *4 (Bankr. S.D. Ohio Oct. 18, 1989). As such, the balance of hardships weighs significantly in Enterprise's favor and in support of granting the Motion.

13. Moreover, the Debtor voluntarily returned all of the Vehicles, other than the Ram Truck, during the pendency of the Chapter 11 Case because the Debtor did not require the Vehicles for its operations. The only reason the Ram Truck was not returned with the other Vehicles was due to logistical issues.

14. Enterprise should not be subjected to the continued risk of non-payment and diminution in value of the Ram Truck—as well as potential damage to the Ram Truck—from an estate that is no longer meeting its obligations and is liquidating under Chapter 7 of the Bankruptcy Code. This Court therefore should lift the automatic stay to permit Enterprise to terminate the Master Lease Agreement and repossess the Ram Truck as well as to approve the Debtor's voluntary return of the other Vehicles during the Chapter 11 Case, *nunc pro tunc* to their return to the extent necessary.

## III. This Court Should Waive The Stay Under Bankruptcy Rule 4001(a)(3)

15. Pursuant to Bankruptcy Rule 4001(a)(3), "[a]n order granting a motion for relief from an automatic stay made in accordance with [Bankruptcy] Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 4001(a)(3). Enterprise submits that cause exists to waive the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3). Removing the fourteen-day stay is an appropriate remedy to allow Enterprise to immediately exercise its legal rights and remedies under the Agreement in order to prevent, among other things, further prejudice to Enterprise.

## NOTICE

16. Notice of this Motion is being provided to the Debtor, the Debtor's attorney, the United States Trustee for the District of New Jersey, the Chapter 7 Trustee, counsel for the Chapter 7 Trustee, and other parties in interest entitled to receive notice in connection with this case. Enterprise submits that no other or further notice is required under the circumstances.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, Enterprise respectfully requests that this Court enter the Proposed Order, granting the relief requested herein and such other further relief as is just and proper under the circumstances.

[SIGNATURE ON NEXT PAGE]

Dated: March 24, 2023						Respectfully submitted,

							**FOLEY & LARDNER LLP**

							*/s/Marcella M. Jayne*
							Marcella Jayne, Esq.
							NJ Bar No. 298822019
							FOLEY & LARDNER LLP
							90 Park Avenue
							New York, NY 10016-1314
							Telephone: 212-682-7474
							mjayne@foley.com

							*Counsel for Enterprise FM Trust*