# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE

Buyer Name and Address: [illegible] 100 MANTUA BLVD, MANTUA NJ 08051

Seller-Creditor: SPIRIT CHRYSLER DODGE JEEP RAM, 1945 KINGS HWY, SWEDESBORO NJ 08085

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing the contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2018 | DODGE JOURNEY | 3C4PDCAB XJT527605 | Personal, family, or household unless otherwise indicated below [X] household [ ] business [ ] agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 5.39 % | $ 2145.60 | $ 15000.00 | $ 17145.60 | $ 22546.93 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 285.76 | MONTHLY beginning 12/04/2019 |
| N/A | N/A | N/A |

Late Charge: If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the vehicle is primarily for personal, family, or household use and the cash price is $10,000 or less, the charge for each late payment will be $10.

Prepayment. If you pay early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 1255.0 sales tax) ........ $ 19891.03 (1)
2. Total Downpayment:
   - Trade-In N/A (Year) (Make) (Model)
   - Gross Trade-In Allowance ........ $ N/A
   - Less Pay Off Made By Seller to N/A ........ $ N/A
   - Equals Net Trade In ........ $ N/A
   - + Cash ........ $ 5401.33
   - + Other N/A ........ $ N/A
   - + Other N/A ........ $ N/A
   - + Other N/A ........ $ N/A
   - (If total downpayment is negative, enter "0" and see 4J below) ........ $ 5401.33 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........ $ 14489.70 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   - A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies: Life $ N/A, Disability $ N/A ........ $ N/A
   - B. Other Optional Insurance Paid to Insurance Company or Companies ........ $ N/A
   - C. Official Fees Paid to Government Agencies: to N/A for N/A $ N/A; to N/A for N/A $ N/A; to N/A for N/A $ N/A
   - D. Optional Gap Contract ........ $ N/A
   - E. Supplemental Title Fee ........ $ N/A
   - F. Vehicle Tire Fee ........ $ 7.50
   - G. Government Taxes Not Included in Cash Price ........ $ N/A
   - H. Government License and/or Registration Fees REG ........ $ 110.00
   - I. Government Certificate of Title Fees ........ $ 85.00
   - J. Other Charges (Seller must identify who is paid and describe purpose):
     - to N/A for Prior Credit or Lease Balance $ N/A
     - to SPIRIT CHRYSLER DO for DOC FEE $ 299.90
     - to NJ CAR for MOTOR VEH PROC FEE $ 8.80
     - to N/A for N/A $ N/A
     - (additional N/A lines)
   - Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 510.30 (4)
5. Amount Financed (3 + 4) ........ $ 15000.00 (5)

OPTION: [ ] You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details of the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Name of Gap Contract N/A

I want to buy a gap contract. Buyer Signs X N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit. THIS DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below.

**Optional Credit Insurance**
- [ ] Credit Life: [ ] Buyer [ ] Co-Buyer [ ] Both
- [ ] Credit Disability: [ ] Buyer [ ] Co-Buyer [ ] Both
Premium: Credit Life $ N/A; Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. The cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the amount financed if you die. This insurance pays only the amount you would owe if you paid all of your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term is shown below.

I want the insurance checked above.
X N/A Buyer Signature _____ Date N/A
X N/A Co-Buyer Signature _____ Date N/A

**Other Optional Insurance**
[ ] N/A Type of Insurance N/A Term N/A
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

[ ] N/A Type of Insurance N/A Term N/A
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

X N/A Buyer Signature _____ Date N/A
X N/A Co-Buyer Signature _____ Date N/A

**Returned Check Charge:** You agree to pay a charge of $20 if any check you give us is dishonored. If the Vehicle is primarily for personal, family, or household use and the cash price is greater than $10,000, or the Vehicle is for business or agricultural use, you agree to pay a charge of $20 if any electronic payment is returned unpaid.

[ ] If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use:
If * agreement is not received in full within N/A days after it is due, you will pay late charge of $ N/A or N/A % of the part of the payment that is late, whichever is less. If this box is not checked, the late charge shown in the "Federal Truth-In-Lending Disclosures" will apply.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _[signature]_ Co-Buyer Signs N/A

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _[signature]_ Co-Buyer Signs X N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

### NOTICE TO RETAIL BUYER

Do not sign this contract in blank.
You are entitled to a copy of the contract at the time you sign.
Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _[signature]_ Date 11/04/19 Co-Buyer Signs X N/A Date N/A
Buyer Printed Name CREDIT ENERGY [illegible] LLC Co-Buyer Printed Name SEAN ANGELINI Title PRS

If the "business" use box is checked in "Primary Use For Which Purchased," Printed Name SEAN ANGELINI Title PRS
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signature X N/A Address N/A

Seller signs SPIRIT CHRYSLER DODGE JEEP RA Date 11/04/19 By X _[signature]_ Title BUSINES

Seller assigns its interest in this contract to CHRYSLER CAPITAL (Assignee) under the terms of Seller's agreement(s) with Assignee.
[ ] Assigned with recourse [X] Assigned without recourse [ ] Assigned with limited recourse

Seller SPIRIT CHRYSLER DODGE JEEP RAM
By X _[signature]_ Title BUSINESS MGR

ORIGINAL LIENHOLDER

## OTHER IMPORTANT AGREEMENTS

1. **[illegible heading]**
   
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
   
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed or missing.
   
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it.
   - All money or goods received (proceeds) for the vehicle.
   - All insurance, maintenance, service, or other contracts we finance for you, and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest to the extent permitted by applicable law. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   
   e. **What happens to returned Insurance, maintenance, service, or other contract charges.** If we get a refund on insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.
   
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information during credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. If the vehicle is primarily for personal, family, or household use and the cash price is $10,000 or less, the maximum attorney's fee you will pay will be $130 plus 10% of the excess over $500 of the amount due when we hire the attorney.
   
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us if you do not pay this amount when we ask we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle as the law allows. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **Applicable Law**
   Federal law and the law of the state of New Jersey apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

## ARBITRATION PROVISION
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.