UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. L.B.R. 9004-1

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership
Jeffrey Cianciulli, Esquire (JC-9173)
35 Kings Highway East
Haddonfield, NJ 08033
(856) 429-7750
(856) 427-0369 (f)
*jcianciulli@wgpllp.com*
*Counsel for Creditor Republic Bank*

Case No. 22-19628 (ABA)

In Re:

Chapter 7

ORBIT ENERGY & POWER, LLC

Objection Due:  January 9, 2024
Hearing Date: January 16, 2024 @ 10:00 am

Debtor.

## MOTION OF REPUBLIC BANK
## FOR RELIEF FROM AUTOMATIC STAY TO PERMIT SETOFF

Republic Bank ("Republic"), by and through its undersigned counsel, hereby moves for the entry of an order granting relief from the automatic stay under section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code") so that Republic may setoff the Collateral Accounts (defined below) against its allowed secured claim and waiving the stay imposed by Fed. R. Bankr. P. 4001(a). In support of this motion, Republic respectfully states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 105, 362(d) and 553 of the Bankruptcy Code and Fed. R. Bankr. P. 4001(d).

1

696867-1

## BACKGROUND

1.      On December 6, 2022 (the "Petition Date"), the debtor, Orbit Energy & Power LLC (the "Debtor"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, thus commencing this bankruptcy case (the "Case").[Docket No. 1]

2.      The Case was subsequently converted to a case under Chapter 7 of the Code on February 27, 2023, and Andrew Finberg, now succeeded by Andrew Sklar, appointed the Chapter 7 Trustee. [Docket No. 192; Docket No. 326].

3.      On October 9, 2019, Republic extended a loan to the Debtor in the original principal amount of $250,000.00, thereafter increased to $500,000 on January 8, 2021 ("Loan 1"), which loan is evidenced by a Promissory Note, Business Loan Agreement and Change in Terms Agreement.

4.      Prior to the Petition Date, Republic extended a loan to the Debtor in the original principal amount of $30,000 (the "Loan 2"), which Loan 2 is evidenced by a Promissory Note and Business Loan Agreement each dated March 15, 2022.

5.      The Debtor used the proceeds of Loan 2 loan to fund collateral security for the Loan 1 as well as for the issuance by Republic of an irrevocable standby letter of credit on behalf Debtor for the benefit of Wells Fargo Commercial distribution Finance, LLC in the amount of $30,000.00 (the "Letter of Credit").

6.      As of the date of this Motion, a total of $40,583.40 is on deposit in accounts maintained at Republic in the name of the Debtor.  The accounts are identified as ending in #2145, 6463, and 3543 (the "Collateral Accounts").

7.      The Debtor defaulted under the terms of Loan 1 and Loan 2.  Republic filed its proof of claim indicating the amount due to Republic as of the Petition Date was $510,568.91.

696867-1

8.      Since the conversion of the case, Republic has worked cooperatively with the Trustee to allow for the sale of certain of its collateral, which sales have been consummated and Republic has received substantial payments towards the balance due as of the Petition Date.

9.      As of the filing of this Motion, however, Republic remains owed $145,700.19.

## ARGUMENT

10.      The Court should lift the automatic stay to allow Republic to exercise its right to setoff the Collateral Accounts against the balance of its allowed secured claims.

11.      The right to setoff in bankruptcy cases is governed by Section 553 of the Bankruptcy Code. Section 553 of the Bankruptcy Code does not create any setoff rights, but merely preserves any setoff rights that exist between a creditor and a debtor under applicable non-bankruptcy law as of the commencement of a debtor's bankruptcy case. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18 (1995); *See also In re Orexigen Therapeutics*, 990 F.3d. 748, 752-754 (3d. Cir. 2021); *In re Steines*, 285 B.R. 360, 362 (Bankr. D.N.J. 2002).

12.      "It is well-settled that the automatic stay prohibits the exercise of the right of setoff but does not destroy the right to setoff itself." *In re Conti*, 50 B.R. 142, 149 (Bankr. E.D. Va. 1985).

13.      Section 362(d)(1) of the Bankruptcy Code permits the Court, after notice and a hearing, to grant relief from the automatic stay "for cause". 11 U.S.C. § 362(d)(1). In general, courts have found a creditor's establishment of a right of setoff to constitute a prima facie showing of cause warranting stay relief. *See*, e.g., *In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000).

14.      Here, all of the conditions for setoff under section 553(a) of the Bankruptcy Code are present in that Collateral Accounts and Republic's claims detailed in the proof of claim are

696867-1

mutual, undisputed, pre-petition debts.

15.     Accordingly, the Court should grant relief from the automatic stay, and waive the 14-day stay period otherwise applicable under Bankruptcy Rule 4001(a)(3), to permit Republic to immediately apply the Collateral Accounts against its remaining claim balance.

16.     WHEREFORE, for the foregoing reasons, Republic Bank respectfully requests that this Honorable Court enter an order granting Republic Bank relief from the automatic stay under Bankruptcy Code section 362(d) so that Republic Bank may exercise its rights under Bankruptcy Code section 553 to offset the Collateral Accounts against its allowed secured claims, waiving the 14-day stay imposed by Fed. R. Bankr. P. 4001(a) and granting Republic Bank such other and further relief as the Court deems just and proper.

Dated:  December 21, 2023                Respectfully Submitted,

                                         WEIR GREENBLATT PIERCE LLP
                                         A Pennsylvania Limited Liability Partnership

                                         By: /s/ Jeffrey S. Cianciulli
                                             Jeffrey S. Cianciulli, Esquire
                                             35 Kings Highway East
                                             Haddonfield, NJ 08033
                                             P:  856-429-7750
                                             F:  856-427-0360
                                             *jcianciulli@wgpllp.com*
                                             Counsel for Republic Bank

696867-1