| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1**<br>E. RICHARD DRESSEL, ESQ. (ED1793)<br>LEX NOVA LAW LLC<br>10 E. Stow Road, Suite 250<br>Marlton, NJ 08053<br>rdressel@lexnovalaw.com<br>(856) 382 - 8211<br>Attorneys for Andrew Sklar,<br>  Chapter 7 Trustee | Case No.: 22-19628(ABA)<br><br>Chapter: 7 |
| In Re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>              Debtor. | Judge:  Andrew B. Altenburg<br><br>Hearing Date:  March 19, 2024<br>                              at 10:00 a.m. |

**MOTION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE, FOR THE ENTRY OF AN ORDER APPROVING (A) THE PUBLIC AUCTION SALE OF CERTAIN OF THE DEBTOR'S VEHICLES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESETS PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (B) PROCEDURES GOVERNING THE PUBLIC AUCTION SALE**

The motion (the "Motion") of Andrew Sklar (the "Trustee"), Chapter 7 trustee in the instant Chapter 7 case of Orbit Energy & Power, LLC (the "Debtor"), by and through his undersigned attorneys, seeks the entry of an Order pursuant to section 363(b) and (f) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6004 approving the public sale of certain of Debtor's vehicles as set forth in Exhibit "A" hereto (collectively, the "Vehicles") by means of a public auction sale (the "Auction"), free and clear of liens, claims, encumbrances and interests (collectively, the "Liens and Encumbrances"), and establishing procedures governing the Auction, and respectfully represents as follows:

#712081 v1

**JURISDICTION AND VENUE**

1. This Court possesses jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Trustee consents to the entry of a final Order by the Court in connection with this Motion to the extent that it may later be determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal bases for the relief sought herein are Bankruptcy Code Section 363 and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On December 6, 2022 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition under Title 11 of the Bankruptcy Code, thereby commencing this case (the "Case").

4. On February 27, 2023, the Case was converted to the instant Chapter 7 proceeding.

5. Thereafter, Andrew B. Finberg ("Finberg") was appointed to serve as the Chapter 7 Trustee, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

6. On August 30, 2023, the appointment of Finberg was vacated and Andrew Sklar ("Sklar") was appointed as successor Trustee, with the same duties described in 11 U.S.C. § 704.

7. The Debtor was engaged in the business of selling and installing residential and commercial solar systems and several other products including, but not limited to, water purification and HVAC systems.

8. Prior to the filing of this Motion, the Trustee has filed an Application for Retention of Quaker City Auctioneers, as auctioneer (the "Retention Application" and the "Auctioneer,"

#712081 v1

respectively) (Docket No. 449) for the purpose of conducting an auction sale of the Vehicles.

9.  In addition to Vehicles owned by Debtor outright and not subject to any liens or encumbrances, the Trustee has entered into a number of Consent Orders which provide for the inclusion of various Vehicles subject to secured creditors' liens in the Auction, as the Auctioneer and the Trustee believe there is equity in the various Vehicles above the liens, which will result in a benefit to the bankruptcy estate. Specifically, the Trustee has entered into the following Consent Orders:

a) Consent Order with Ally Capital with respect to a 2019 Ram ProMaster Cargo Van 2500 (VIN ending in "6036") dated December 6, 2023;

b) Consent Order with Ally Capital with respect to a 2019 Ram ProMaster Cargo Van 2500 (VIN ending in "0363") dated December 6, 2023;

c) Consent Order with Ally Capital with respect to a 2018 Ram 2500 Crew Cab Tradesman 4WD (VIN ending in "5980") dated December 6, 2023; and

d) Consent Order with Ally Capital with respect to a 2018 Ram 2500 Crew Cab Tradesman 4WD (VIN ending in "2658") dated December 6, 2023.

e) Consent Order with Santander Consumer USA with respect to a 2019 ProMaster (VIN ending in "7357"), 2019 ProMaster (VIN ending in "7350"), 2019 Ram 2500 (VIN ending in "9337"), 2019 Dodge Journey (VIN ending in "5534"), 2019 Dodge Journey (VIN ending in "0880"), 2018 Dodge Journey (VIN ending in "5945") and 2018 Dodge Journey (VIN ending in "7665") dated December 26, 2023.

f) Consent Order with Ally Capital with respect to a 2019 ProMaster Cargo Van 2500 High Roof Van (VIN ending in "6053") dated December 6, 2023.

g) Key Bank (Key Bank, Ally Capital and Santander Consumer USA collectively referred

#712081 v1

to as the "Lienholders") has also approved the inclusion of the Debtor's 2018 Ram ProMaster C2500 (VIN ending in "4898"), 2018 Ram ProMaster C1500 (VIN ending in "9476") and 2019 Ram ProMaster C2500 (VIN ending in"2506") in the Auction. A list of all Vehicles to be included in the Auction is attached hereto as Exhibit "A" and incorporated herein.

10. The Trustee has concluded that an Auction, on the terms set forth herein, is the best way to maximize the value of the Vehicles for the benefit of the bankruptcy estate.

11. As set forth in the Retention Application, the Trustee and the Auctioneer have agreed, subject to the approval of this Court, that the Auctioneer will receive reimbursement of costs and expenses incurred in connection with conducting the Auction, estimated to be approximately $17,600, and an 18% Buyer's Premium (with 3% going to Bidspotter) on the net Auction proceeds after allowed expenses.

12. The Trustee seeks to sell the Vehicles by way of the Auction free and clear of Liens and Encumbrances, with all such Liens and Encumbrances attaching exclusively to the proceeds of the Auction to first pay the Liens and Encumbrances against the Vehicles in full and the allowed costs and expenses associated with the Auction of the Vehicles, including payment of the Auctioneer. The Trustee seeks the Court's approval for the following proposed Auction procedures:

a. Notice of the Auction will be given to all creditors in the Debtor's Chapter 7 case and such additional parties (including direct and indirect competitors of the Debtor) as the Auctioneer deems appropriate.

b. The Vehicles will be sold by public auction at a location to be determined in the discretion of the Auctioneer and the Trustee, and/or on-line, at a date and time selected

#712081 v1

by the Auctioneer, and will afford participants an opportunity to submit their best and final bids until, in the reasonable discretion of the Auctioneer, the bidding has concluded for each Vehicle.

c. Unless otherwise agreed between the Auctioneer and a successful bidder, each successful bidder shall have up to three (3) business days from the later of the conclusion of the Auction or the satisfaction of any Lien against each Vehicle (as so designated on the title(s)) to each Vehicle to tender cash, money order or certified funds in the amount of the successful bid.

d. The Vehicles shall be sold "as is, where is" with no representations or warranties of any kind, including, without limitation, the suitability of the Vehicles for a particular use.

e. All sales will be considered final upon the delivery of the balance of the purchase price.

f. The Auctioneer and the Trustee shall have discretion to determine whether a bid encompassing multiple Vehicles (a "Bulk Bid") is higher and/or better in relation to multiple bids for individual or whether individual bids are higher and/or better than a Bulk Bid.

g. Bidders may, but shall not be required to, submit Bulk Bids at the Auction.

h. All proceeds resulting from the Auction shall be maintained by the Trustee pending the entry of an Order of this Court approving the Auctioneer's expenses. Except, however, the Auctioneer shall be permitted to retain the Buyer's Premium as set forth in the Retention Application.

i. The Vehicles shall be conveyed to a successful bidder free and clear of Liens and Encumbrances, subject to the terms of this Motion and entered Order Approving the

#712081 v1

Auction and Auction Procedures.

j. The Trustee shall execute and deliver bills of sale to successful bidders in a form and substance acceptable to the Trustee.

k. The Trustee will use reasonable diligence to determine whether a bidder is an insider or affiliate of the Debtor (or any affiliate of the Debtor) and will advise the Court, the Office of the United States Trustee and interested parties of any successful bid involving an insider or affiliate.

l. In the absence of any insider or affiliate status, a successful bidder will be deemed to be a good faith purchaser entitled to the protection of Bankruptcy Code § 363(m) upon the consummation of a sale.

(the "Auction Procedures").

**RELIEF REQUESTED**

A. **The Sale**

13. By way of this Motion, the Trustee seeks the entry of an order approving the above Auction Procedures and authorizing the Trustee to sell the Vehicles by means of a public and on-line auction free and clear of Liens and Encumbrances, with any Liens and Encumbrances attaching to the proceeds of sale as set forth herein.

**I. Sufficient Business Justification Exists for Consummation of the Sale under Bankruptcy Code Section 363(b)**

14. Section 363(b) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although section 363(b) does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the bankruptcy estate, courts have required that such use, sale or lease be based upon the sound business judgment

#712081 v1

of the debtor. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3rd Cir. 1996) (internal citation omitted); In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cr. 1983); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147-48 (3d Cir. 1986) (implicitly adopting the "sound business judgment" test of In re Lionel Corp.); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D.Del. 1991) (holding that the Third Circuit adopted the "sound business judgment" test in Abbotts Dairies).

15. The demonstration of a valid business justification by the Trustee leads to a strong presumption "that in making [the] business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

16. The Trustee's decision to sell the Vehicles by means of a public and on-line auction sale pursuant to Bankruptcy Code §363 in this case constitutes a reasonable exercise of his business judgment. Although the Auctioneer and the Trustee cannot determine in advance of the Auction that there is equity in all of the Vehicles (net of the cost of the Auction) in relation to the secured claims of various Lienholders against certain of the Vehicles, it is clear to the Acutioneer and the Trustee that at least a portion of the auction proceeds (after any secured claims of Lienholders against various of the Vehicles) will inure to the benefit of the bankruptcy estate. As a result, the Trustee has concluded that the Auction is the process most-likely to maximize the value of the Vehicles for the benefit of the Bankruptcy Estate.

17. The Trustee submits that sufficient business justification exists for the approval of the Auction and the Auction Procedures in this Case.

#712081 v1

**II.     The Sale of the Assets Free and Clear of All Encumbrances is Authorized under Bankruptcy Code Section 363(f)**

18. Section 363(f) of the Bankruptcy Code authorizes a trustee to sell assets free and clear of liens, claims, interests and encumbrances if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property: (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by Section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, the satisfaction of any one of its five requirements will suffice to permit the sale of estate assets "free and clear" of liens and interests. See In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that because section 363(f) is written in the disjunctive, a court may approve a sale free and clear if any one subsection is met); See also In re Wolverine Radio Co., 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (same); In re Bygaph, Inc., 56 B.R. 596, 608 n.8 (Bankr. S.D.N.Y. 1986) (same). Furthermore, a debtor-in-possesses broad authority to sell assets free and clear of liens. See In re Trans World Airlines, Inc., 322 F.3d 283, 289 (3d Cir. 2003).

20. The Trustee submits that under the current circumstances, it is appropriate to sell the Vehicles free and clear of any and all Liens and Encumbrances pursuant to §363(f) of the Bankruptcy Code because one or more of the tests of §363(f) are, or will be, satisfied with respect to any sale. Similarly, the Trustee submits that the Auction should proceed free of any purported restrictions on the transferability of the Vehicles contained in any purported security instrument to

#712081 v1

the extent such provisions operate to depress the purchase price.

21. The Trustee has provided notice of the proposed Auction to all creditors and parties in interest, including parties known to assert a Lien and Encumbrance against the Vehicles. In this regard, creditors have received notice and been given sufficient opportunity to object to the relief requested. Lienholders that are on notice of, and do not object to, a sale should be deemed to have consented to that sale. See, e.g., FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) ("[L]ack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); In re Tabone, Inc., 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (holding that creditor's failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. at 345 (same).

### III. Sufficient Justification Exists for the Sale to be Subject to the Protections of Section 363(m)

22. Each of the Lienholders and their respective counsel have been served with the Motion.

23. Bankruptcy Code Section 363(m) provides, in part, that the reversal or modification on appeal of an authorization of a sale pursuant to Bankruptcy Code Section 363(b) or 363(c) does not affect the validity of a sale under such authorization to an entity that purchased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and sale or lease were stayed pending appeal. See 11 U.S.C. §363(m). In approving the sale free and clear of Liens and Encumbrances, the Trustee requests that the Court find that each successful bidder is entitled to the protections afforded by section 363(m) of the Bankruptcy Code (unless such bidder is an insider or affiliate of the Debtor). Such relief is appropriate where

#712081 v1

the selection of the successful bidder has resulted from a competitive bidding process and arm's-length, good-faith negotiations, and parties in interest will have the opportunity to review and object to a proposed transaction.  See Esposito v. Title Ins. Co of Pa. (In re Fernwood Mkts.), 73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (good faith purchasers are protected under section 363(m) where notice is provided to lienholders).

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

24.    Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

25.    The Trustee respectfully requests a waiver of the fourteen-day stay to enable him to consummate each sale transaction expeditiously and submits that such relief is in the best interests of creditors and the estate.

26.    For the reasons set forth above, the Trustee submits that cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

**NOTICE**

27.    Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) creditors of the Debtor set forth in the Debtor's schedules;  (iii) secured creditors; (iv) attorneys for all Lienholders; (v) additional creditors of the Debtor which the Trustee believes may assert secured claims against the Vehicles, notwithstanding that the creditors were not included in the Debtor's schedules filed with the Court; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

#712081 v1

## NO PRIOR REQUEST

28. The Trustee has not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an Order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: February 16, 2024               LEX NOVA LAW LLC


                                       By: /s/ E. Richard Dressel
                                           E. Richard Dressel, Esquire

                                       Attorneys for Andrew Sklar,
                                           Chapter 7 Trustee

#712081 v1