## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 18 day of April, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and EcoFasten, LLC ("Eco" and, together with the Trustee, the "Parties"), by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the substitute Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has filed an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey, Docket No. 23-1341(ABA) (the "Adversary Proceeding"), asserting claims to avoid and recover transfers in the total amount of $423,834.47 made by the Debtor to Eco prior to the Petition Date to or for the benefit of Eco pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Eco denies any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Eco desire to avoid the costs and risks of litigation regarding the Trustee Claim and to resolve any and all issues and/or disputes involving the Debtor, its Chapter 7 case or any other matters relating thereto, including the Trustee Claim, on the terms and subject to the conditions set forth in this Settlement Agreement.

1

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to Bankruptcy Code approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim, the Trustee shall accept the sum of $65,000 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $65,000 on or before the tenth (10th) Business Day after the date on which a Bankruptcy Court Order approving the Settlement Agreement becomes a "Final Order" (as defined below). The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC", and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3. In the event Eco fails to timely pay the Settlement Payment or Eco's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Eco and Eco's counsel. If Eco fails to cure such default within ten (10) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to continue to pursue the Adversary Proceeding to pursue Judgment in the full amount of the Trustee Claim.

4. Nothing herein shall prohibit Eco from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

5. Nothing herein shall be construed as a waiver by Eco of any administrative claim, reclamation claim, and general unsecured claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6. If the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement and, if the Settlement Payment was previously paid, the Trustee shall return the Settlement Payment to Eco.

7. Nothing contained herein shall operate to prejudice Eco's right to file a proof of claim against the Debtor resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code (the "502(h) Claim"). Eco shall file any 502(h) Claim within thirty (30) days from the date of payment of the Settlement Payment. Nothing contained herein shall operate to prejudice the Trustee's right to object to any claims filed by Eco under the applicable provisions of the Bankruptcy Code.

8. Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Eco of and from any and all claims, including the Trustee Claim, that the Trustee or the Debtor have against Eco and the Trustee shall dismiss the Adversary Proceeding with prejudice.

9. Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement Agreement and Eco's remittance of the Settlement Payment to the Trustee, Eco shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such

parties relating to the Debtor or its bankruptcy case, except the proof of claim previously filed by Eco and the § 502(h) Claim, if any.

10. No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11. This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. In this Agreement, the term "Final Order" means an order of the Bankruptcy Court which shall not have been reversed, vacated, stayed, modified or amended and as to which (a) the time to appeal, seek reconsideration under Federal Rule of Bankruptcy Procedure 9023, or move for a new trial, reargument or rehearing shall have expired; (b) no appeal, no writ of certiorari, new trial, motion for reconsideration reargument or rehearing is pending; and (c) the order has become conclusive of all matters adjudicated and is in full force and effect; provided, however, that the possibility that a motion under section 502(j) of the Bankruptcy Code, or Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not be considered in determining whether an order is a Final Order.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

| | |
|---|---|
| LEX NOVA LAW LLC | ECOFASTEN, LLC |
| By: /s/E. Richard Dressel<br>E. Richard Dressel, Esquire<br>10 W. Stow Road, Suite 250<br>Marlton, NJ 08053<br>Telephone: (856) 382-8211<br>Attorneys for Andrew Sklar,<br>Chapter 7 Trustee | By: [signature]<br>Name: Thomas Ringler<br>Title: Chief Financial Officer<br><br>Email: thomas.ringler@enstall.com |

FARRELL FRITZ, P.C.

By: /s/ Darren A. Pascarella
    Darren A. Pascarella, Esquire
    400 RXR Plaza.
    Uniondale, NY 11556
    Attorneys for EcoFasten, LLC