KASEN & KASEN, P.C.
Jenny R. Kasen, Esq. (NJ Bar No. 02771)
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, NJ  08003
Telephone (856) 424-4144
Facsimile (856) 424-7565
E-Mail: jkasen@kasenlaw.com
*Counsel to Creditors, Eugene Swisher, in his individual capacity, and as Parent and Natural Guardian of his Minor Son*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Orbit Energy & Power, LLC.,<br><br>Debtor(s). | Chapter 7<br><br>Case No. 22-19628-ABA |

**CREDITOR'S MOTION FOR AN ORDER MODIFYING STAY**

Creditors, Eugene Swisher in his individual capacity, and as Parent and Natural Guardian of his Minor Son (hereinafter "**Creditors**"), by and through their undersigned counsel, hereby submit this motion (the "**Motion**") for entry of an Order modifying the automatic stay, pursuant to 11 U.S.C. §§ 105(a) and 362.  More specifically, the Creditors seeks authority to proceed with state court actions against the above captioned debtor, Orbit Energy & Power, LLC (the "**Debtor**") as a nominal party only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.  In support of this Motion, the Creditors respectfully aver as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory and procedural predicates for the relief requested herein are sections 105(a) and 362 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**").

## PROCEDURAL AND FACTUAL BACKGROUND

5. By way of background, the Creditors have pre-petition personal injury, negligence, vicarious liability, and uninsured/underinsured motorist claims against the Debtor, and others, which the Creditors estimate to be valued in excess of $50,000.

6. Creditors filed two lawsuits in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Civil Division. One styled as *Eugene T. Swisher v. William E. Wasson, Orbit Energy & Power, LLC, the Bancorp Bank, and State Farm Mutual Automobile Insurance Company* – Case No. 23-CA-000545. The other styled as *Eugene T. Swisher, as Parent and Natural Guardian of W.S., a minor v. William E. Wasson, Orbit Energy & Power, LLC, the Bancorp Bank, and State Farm Mutual Automobile Insurance Company* – Case No. 23-CA-000542.

7. On December 6, 2022 (the "**Petition Date**"), the above-captioned Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**").

8. Upon information and belief, the Debtor is insured for Creditors' claims thereagainst.

## RELIEF REQUESTED AND BASIS THEREFOR

9. By this Motion, the Creditors seek the entry of an Order modifying the stay.

10. Specifically, the Creditors seek the entry of an Order permitting Creditors to continue Creditors' lawsuits against Debtor, as nominal defendant thereto, to fix the amount owed

2

to Creditors, and to collect thereon against the non-Debtor parties named as co-defendants in the lawsuits and the Debtor's insurance policies, as permissible by law.

11. To be clear, the Creditors are not seeking and will not seek to collect any sums directly from the Debtor(s) outside of this bankruptcy court proceeding unless and until this Court either dismisses this Bankruptcy Case or otherwise orders that the Creditors may do so while this Bankruptcy Case is pending due to facts or circumstances which hereafter arise.

12. Section 362(d)(1) of the Bankruptcy Code provides that relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property..." 11 U.S.C. § 362(d)(1).

13. "Except for lack of adequate protection, 'cause' is not defined by § 362(d)(1). Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Abeinsa Holding, Inc.*, Case No. 16-10790 (KJC), 2016 Bankr. LEXIS 3641 at *7 (Bankr. D.Del. Oct. 6, 2016).

14. Motions to lift the § 362 stay are customarily evaluated under the three-factor test articulated in In re Rexene Products Co., to determine whether:

a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c) the creditor has a probability of prevailing on the merits.

*Id. citing to Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.").

3

15. With regard to the burden of proof, 11 U.S.C. § 362(g) provides:

> In any hearing under subsection (d) or (e), concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

16. Here, cause exists to grant the relief requested. Neither the Debtor or its bankruptcy estate will be prejudiced by permitting the state court lawsuits to proceed. In fact, permitting such action is likely to benefit the Debtor and its estate, in that, a satisfaction of sums due to the Creditors by non-Debtor parties will reduce Creditor's claim against the Debtor and their estates accordingly. Moreover, the Creditors' existing hardship in collecting against non-Debtor parties will undoubtedly be exacerbated, far outweighing any hardship to the Debtor, if the stay is not modified and the Creditors are not permitted to continue the state court action. And finally, under the circumstances presented, Creditors have colorable claims against non-Debtor parties, and are deserving of an opportunity to flesh out those claims through the state court lawsuits described herein.

17. For the foregoing reasons, the Creditors respectfully request that the stay be modified and an Order entered granting Creditors authority to proceed with the state court lawsuits against the Debtor(s), as a nominal party only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.

## **CONCLUSION**

18. In accordance with the foregoing, Creditors respectfully requests entry of an Order granting the relief requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Dated:  May 22, 2024          KASEN & KASEN, P.C.

           */s/ Jenny R. Kasen*
Jenny R. Kasen, Esq. (NJ Bar No. 02771)
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, NJ  08003
Telephone (856) 424-4144
Facsimile (856) 424-7565
E-Mail: jkasen@kasenlaw.com

*Counsel to Creditors, Eugene Swisher, in his individual capacity, and as Parent and Natural Guardian of his Minor Son*

5