**SKLAR LAW, LLC**
20 Brace Road
Suite 205
Cherry Hill, NJ 08034
Tel: (856) 258-4050
Andrew Sklar (016751992)
*Attorneys for Andrew Sklar, Chapter 7 Trustee*
*of the Bankruptcy Estate of Orbit Energy & Power, LLC.*

**Order Filed on June 11, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Hon. Andrew B. Altenburg, Jr. |
| ORBIT ENERGY & POWER, LLC, | Case No. 22-19628 (ABA) |
| Debtor. | Chapter 7 |
| | Hearing Date:  June 11, 2024 |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN ANDREW SKLAR, AS CHAPTER 7 TRUSTEE  AND SOLAR FOUNDATIONS USA, INC.**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: June 11, 2024**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

3365818

Debtor:          Orbit Energy & Power, LLC
Case No.:        22-19628 (ABA)
Caption of Order:     ORDER GRANTING MOTION TO APPROVE SETTLEMENT
AGREEMENT BETWEEN ANDREW SKLAR, AS CHAPTER 7 TRUSTEE AND SOLAR
FOUNDATIONS USA, INC.

---

**THIS MATTER** having been opened to the Court by Andrew Sklar, as chapter 7 trustee (the "Trustee") of Orbit Energy & Power, LLC ("Orbit" or "Debtor") upon the Motion[1] pursuant to sections 105(a), 363(b), and 554 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking an order reopening the case and approving that certain settlement agreement (the "Settlement Agreement") by and between the Trustee and Solar Foundations USA, Inc.; and it appearing that good and sufficient notice of the Motion was provided, as evidenced by the Certificate of Service filed with the Court; and the Court having considered the Motion, the opposition thereto, if any, and the arguments of counsel; and good cause appearing for the entry of this Order;

**IT IS ORDERED** as follows:

1.     The Settlement Agreement, attached hereto as **Exhibit A**, is hereby authorized and approved.

2.     The Trustee is authorized, without further notice, hearing or order of this Court, to take and perform such other actions as may be necessary or appropriate to implement and effectuate the Settlement Agreement or the terms of this Order.

3.     The Bankruptcy Court shall retain exclusive jurisdiction with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Order or the Settlement Agreement.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the memorandum of law submitted in support of the Motion.

2

3365818

## EXHIBIT A

**SETTLEMENT AGREEMENT BETWEEN ANDREW SKLAR, AS CHAPTER 7 TRUSTEE OF ORBIT ENERGY & POWER, LLC, AND SOLAR FOUNDATIONS USA, INC.**

3365818

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 9th day of May, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and Solar Foundations USA, Inc. ("Solar" and, together with the Trustee, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the substitute Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has asserted claims to avoid and recover transfers in the total amount of $40,586.40 made by the Debtor prior to the Petition Date to or for the benefit of Solar pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Solar denies any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Solar desire to avoid the costs and risks of litigation, regarding the Trustee Claim and, in order to resolve any and all issues and/or disputes involving the Debtor, its Chapter 7 case or any other matters relating thereto, including the Trustee Claim, on the terms and subject to the conditions set forth in this Settlement Agreement.

#681401 v1

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound, hereby agree as follows:

1.    The recitals set forth above are incorporated herein by reference.

2.    Subject to Bankruptcy Court approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim, the Trustee shall accept the sum of $22,500.00 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $22,500 on or before the tenth (10th) Business Day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy, whichever occurs first. The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC" and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3.    In the event Solar fails to timely pay the Settlement Payment or Solar's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Solar and Solar's counsel. If Solar fails to cure such default within five (5) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to file an adversary proceeding to pursue Judgment in the full amount of the Trustee Claim.

#681401 v1

4.      Nothing herein shall prohibit Solar from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

5.      Solar hereby waives the unsecured claim resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code, as well as any Chapter 11 Administrative claim(s) against the Debtor and the bankruptcy estate arising out of the transactions described herein. Nothing herein shall be construed as a waiver by Solar of any administrative expense claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6.      In the event that the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement.

7.      Nothing contained herein shall operate to prejudice Solar's right to file a proof of claim against the Debtor (except as limited by paragraph 5 hereof) or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8.      Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Solar and its shareholders, directors, officers and affiliates of and from the Trustee Claim.

9.      Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement Agreement, Solar shall be deemed to have released the Debtor, the Trustee, his agents,

#681401 v1

employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such parties, except for any post-petition, pre-conversion claim filed against the Debtor as provided in Paragraph 5 hereof.

10.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11.    This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

SKLAR LAW LLC

By: _____
Andrew Sklar, Esquire
Attorneys for Andrew Sklar,
Chapter 7 Trustee

SOLAR FOUNDATIONS USA, Inc.

By: _____
Title: President

GIRVIN & FERLAZZO, PC

By: _____
Patrick J. Fitzgerald, Esquire
Attorney for Solar Foundations USA, Inc.

#681401 v1