# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 12th day of June, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and Element 78 Partners, LLC ("E78" and, together with the Trustee, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has filed an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey, Docket No. 23-1338(ABA) against Cadilus, Inc. ("Cadilus") (the "Adversary Proceeding") asserting claims to avoid and recover transfers in the total amount of $89,430 made by the Debtor to Cadilus prior to the Petition Date to or for the benefit of Cadilus pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, the Trustee obtained a default judgment against Cadilus in the amount of $89,430 dated April 26, 2024 (the "Default Judgment").

WHEREAS, counsel for E78 has advised the Trustee that the payments by the Debtor prior to the Petition Date were actually received by E78, which had acquired the stock of Cadilus as of February 28, 2022 and therefore prior to the payments made by the Debtor, which make up the Trustee Claim.

WHEREAS, E78 denies any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and E78 desire to avoid the costs and risks of litigation, regarding the Trustee Claim and, in order to resolve any and all issues and/or disputes involving the Debtor, its Chapter 7 case or any other matters relating thereto, including the Trustee Claim, on the terms and subject to the conditions set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound hereby, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to Bankruptcy Code approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim, the Trustee shall accept the sum of $19,000 (the "Settlement Payment") in full satisfaction of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $19,000 on or before the fifth (5th) business day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement has become a final, non-appealable order. The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC" and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ  08034.

3. In the event E78 fails to timely pay the Settlement Payment or E78's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to E78's counsel.  If E78 fails to cure such default within ten (10) business days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee

shall be entitled to continue with all collection efforts to collect payment of the Default Judgment and pursue the Trustee Claim against E78 and E78 shall retain all defenses and rights with respect to the Trustee Claim. For the avoidance of doubt, the default judgment against Cadilus shall be forever vacated, and the Trustee shall have no claim against Cadilus.

4. Nothing herein shall prohibit E78 from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

5. E78's unsecured claim resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code arising out of the transaction described herein is specifically preserved. Nothing herein shall be construed as a waiver by E78 of any administrative claim, reclamation claim, and general unsecured claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6. If the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement. To the extent E78 makes the Settlement Payment pursuant to Paragraph 4 hereof and the Bankruptcy Court subsequently fails to approve this Settlement Agreement, the Trustee shall immediately return the Settlement Payment to E78.

7. Nothing contained herein shall operate to prejudice E78's right to file a proof of claim against the Debtor or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8. Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement becomes a final, non-appealable Order and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Cadilus and E78 and their respective agents, employees,

#301099347v2<US> - SETTLEMENT AND MUTUAL RELEASE AGREEMENT - Element 78 Partners LLC_Cadilus Inc.

affiliates, successors and assigns from the Trustee Claim, and the Default Judgment against Cadilus shall be deemed vacated.

9. Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement Agreement and E78's remittance of the Settlement Payment to the Trustee, E78 shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such parties, except for any claim filed against the Debtor, including any claim provided in Paragraph 5 hereof.

10. No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11. This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

#301099347v2<US> - SETTLEMENT AND MUTUAL RELEASE AGREEMENT - Element 78 Partners LLC_Cadilus Inc.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

| LEX NOVA LAW LLC | ELEMENT 78 PARTNERS, LLC and CADILUS, INC. |
|---|---|
| By: /s/E. Richard Dressel<br>E. Richard Dressel, Esquire<br>10 W. Stow Road, Suite 250<br>Marlton, NJ 08053<br>Telephone: (856) 382-8211<br>Attorneys for Andrew Sklar,<br>  Chapter 7 Trustee | By: *Nicholas Malone* (DocuSigned)<br>Title: Nicholas Malone, CFO |

KATTEN, MUCHIN ROSENMAN LLP

By: /s/ Peter A. Siddiqui, Esquire
Peter A. Siddiqui, Esquire
525 W. Monroe Street
Chicago, IL 30661-3693
Attorney for Element 78 Partners, LLC/ Cadilus, Inc.

#301099347v2<US> - SETTLEMENT AND MUTUAL RELEASE AGREEMENT - Element 78 Partners LLC_Cadilus Inc.