## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 24th day of June, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor"), and Peirce-Phelps, LLC ("Peirce-Phelps") and, together with the Trustee, Debtor and Peirce-Phelps, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the substitute Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has asserted alleged claims to avoid and recover transfers in the total amount of $113,011.48 made by the Debtor prior to the Petition Date to or for the alleged benefit of Peirce-Phelps pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Peirce-Phelps denies any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Peirce-Phelps desire to avoid the costs and risks of litigation, regarding the Trustee Claim and, in order to resolve any and all issues and/or disputes involving the Trustee Claim, on the terms and subject to the conditions set forth in this Settlement Agreement.

#681401 v1

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound, hereby agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to Bankruptcy Code approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim, the Trustee shall accept the sum of $11,000.00 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $11,000.00 on or before the tenth (10th) Business Day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy, whichever occurs first. The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC" and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3. In the event Peirce-Phelps fails to timely pay the Settlement Payment or Peirce-Phelps' payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Peirce-Phelps' counsel. If Peirce-Phelps fails to cure such default within five (5) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to file an adversary proceeding to pursue Judgment in the full amount of the Trustee Claim and Peirce-Phelps shall retain any and all defenses to said Trustee Claim and/or action.

#681401 v1

4. Nothing herein shall prohibit Peirce-Phelps from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

5. Peirce-Phelps hereby waives the unsecured claim resulting from the Settlement Payment only under § 502(h) of the Bankruptcy Code, as well as any Chapter 11 Administrative claim(s) against the Debtor and the bankruptcy estate arising out of the transactions described herein. Nothing herein shall be construed as a waiver by Peirce-Phelps of any unsecured claim and/or administrative expense claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6. In the event that the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement.

7. Nothing contained herein shall operate to prejudice Peirce-Phelps' right to file a proof of claim against the Debtor (except as limited by paragraph 5 hereof) or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8. Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Peirce-Phelps, its agents, employees, affiliates, attorneys, successors and assigns, of and from the Trustee Claim.

9. Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this

#681401 v1

Settlement Agreement, Peirce-Phelps shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from the Trustee Claim, except for any post-petition, pre-conversion claim filed against the Debtor as provided in Paragraph 5 hereof.

10. No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11. This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

| SKLAR LAW LLC | PEIRCE-PHELPS, LLC |
|---|---|
| By: _____<br>Andrew Sklar, Esquire<br>Attorneys for Andrew Sklar,<br>Chapter 7 Trustee | By: _____<br>Title: Eric Lee, Director of Credit<br>On behalf of Peirce-Phelps, LLC |

#681401 v1