UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

E. Richard Dressel, Esquire (ED1793)
Lex Nova Law, LLC
10 E. Stow Road, Suite 250
Marlton, NJ 08053
rdressel@lexnovalaw.com
(856) 382-8211
Attorneys for Andrew Sklar, Chapter 7 Trustee

In Re:

    ORBIT ENERGY & POWER, LLC,

                Debtor.

Case No.: 22-19628 (ABA)

Chapter: 7

Date of Hearing: 08/06/2024 @ 10:00 a.m.

Honorable Andrew B. Altenburg

**CERTIFICATION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE,
IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER EXPUNGING
CLAIM NO. 74-2 FILED BY ZURICH AMERICAN INSURANCE COMPANY
PURSUANT TO 11 U.S.C. §§ 502 AND 503 AND FED. R. BANKR. P. 3007**

    I, ANDREW SKLAR, of full age, hereby certify as follows:

    1.    I am an attorney at law in the State of New Jersey and serve as the Chapter 7 Trustee in the bankruptcy proceeding of Orbit Energy & Power, LLC (the "Debtor"). I have full knowledge of the facts and circumstances hereof. I make this Certification in support of the motion for the entry of an order expunging Proof of Claim No. 74-2 filed by Zurich American Insurance Company as an untimely filed general unsecured claim pursuant to 11 U.S.C. §§ 502 and 503 and Fed. R. Bankr. P. 3007, and for related relief.

    2.    On December 6, 2022 ("Petition Date") the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

1

#737401 v1

3. On February 27, 2023, an order was entered converting the Debtor's case to the instant Chapter 7 proceeding.

4. On August 30, 2023, I was appointed to serve as the [successor] Chapter 7 Trustee in this case, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

5. On April 6, 2023, Andrew Finberg, the original Chapter 7 Trustee, filed a Notice of Assets & Request for Notice to Creditors with the Court. See Dkt. No. 224. In connection therewith, a proof of claim deadline was set by the Court as July 5, 2023 (the "Pre-Petition Claims Bar Date").

6. On June 12, 2023, the Court entered an order modifying the automatic stay to permit Zurich American Insurance Company to pursue its rights under State Law [and] Bankruptcy Code pursuant to Bankruptcy Code § 362 and Bankr. Rule 4001 (the "Zurich Order"). See Dkt. No 273.

7. The Zurich Order provided, in pertinent part, that Zurich's workers' compensation policy with the Debtor was deemed terminated as of February 27, 2023, the date of the conversion of the Debtor's bankruptcy case.

8. The Zurich Order further provided that Zurich's automobile policy with the Debtor shall be deemed terminated as of the date the bankruptcy estate no longer owns the vehicles covered by the policy (the "Covered Vehicles"), the Trustee will provide Zurich with notice of the disposition of the last of the Covered Vehicles, provide Zurich with the information necessary to enable Zurich to complete its premium audits (in anticipation of filing an amended proof of claim to update the Zurich Proof of Claim No. 74-2.

9. I am objecting to the Zurich Proof of Claim Claim No. 74-2 filed by Zurich on

2

#737401 v1

December 7, 2023 in the amount of $374,933.63 (the "Zurich Proof of Claim) to the extent the Zurich Proof of Claim asserts either a Chapter 11 or Chapter 7 administrative expenses to meet my fiduciary duty to maximize the value of this case for creditors having timely filed valid claims and ensure an equality of treatment for such creditors.

10. My counsel has provided counsel for Zurich with all requested information necessary to enable Zurich to conduct/complete its premium on or about March 6, 2024 (the vast majority of the Covered Vehicles were returned to the secured lenders in February 2023 and March 2023 (shortly before or after conversion of the Debtor's Chapter 11 to Chapter 7 on February 27, 2023. Zurich has indicated that it was working on completing its audit and expected to file an Amended Proof of Claim by the end of last week. However, as of the date of this Certification, Zurich has not filed an Amended Proof of Claim. In light of this, I am filing the instant Objection to the Zurich Amended Proof of Claim in order to move the resolution of the Zurich Amended Proof of Claim forward.

11. It is my hope that the issue of the Zurich Amended Proof of Claim will be resolved prior to the return date for this Objection.

12. I reserve the right to file additional objections to the Zurich Proof of Claim, as well as to any other proof of claim filed, or to be filed, against the Debtor.

I hereby certify that the foregoing is true. I understand that if any of the foregoing is willfully false, I am subject to punishment.

Dated: July 1, 2024            /s/ Andrew Sklar
                               Andrew Sklar

#737401 v1