10 E. Stow Rd.
Suite 250
Marlton, NJ 08053
(856) 382-8550
www.lexnovalaw.com

E. Richard Dressel, Esquire
Member of the NJ and PA Bar
Direct Dial (856) 382-8211
rdressel@lexnovalaw.com



**LEX NOVA LAW**
LIMITED LIABILITY COMPANY

July 1, 2024

*Via ECF*

Honorable Andrew B. Altenburg, U.S.B.J.
Mitchell H. Cohen U.S. Courthouse
Courtroom 4B
400 Cooper Street, 4th Floor
Camden, NJ 08101

    **Re:**    Orbit Energy & Power, LLC
             Bankr. No. 22-19628 (ABA)

             Motion to Expunge Proof of Claim No. 74-2
             filed by Zurich American Insurance Company

             Returnable:  August 6, 2024 at 10:00 a.m.

Dear Judge Altenburg:

       This firm represents Andrew Sklar, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Orbit Energy & Power, LLC (the "Debtor").  Kindly accept this letter brief in lieu of a more formal pleading in support of the Trustee's Motion for the Entry of an Order Expunging Proof of Claim No. 74-2 Filed by Zurich American Insurance Company ("Zurich") pursuant to 11 U.S.C. §§ 502 and 503 and Fed. R. Bankr. P. 3007 (the "Motion").

       **Background Facts**

       The Trustee incorporates herein by reference the facts as set forth in the Certification of Andrew Sklar (the "Sklar Certification"), filed simultaneously herewith, in support of the relief sought in the Motion.  By way of abbreviated background, a Stipulation and Agreed Order Modifying the Automatic Stay to Permit Zurich American Insurance Company to Pursue its Rights under State Law [and] Bankruptcy Code Pursuant to Section 362 and Bankruptcy Rule 4001 was entered on June 12, 2023 (the "Zurich Order").  See Dkt. No. 273.  Pursuant to the Zurich Order, Zurich's automobile liability policy with the Debtor was to be deemed terminated as of the date the bankruptcy estate no longer owned the vehicles covered by the Zurich automobile policy ( the "Covered Vehicles").

As of at least June, 2023, none of the Covered Vehicles were still property of the bankruptcy estate. The Trustee has provided Zurich with all information regarding the disposition of the Covered Vehicles so that Zurich can complete its premium audit and file an amended Proof of Claim to set forth updated administrative claim(s), if any.

Notwithstanding the Trustee having provided Zurich with all required information regarding the disposition of the Covered Vehicles, Zurich has yet to complete its premium audit and file an amended Proof of Claim as required under the Zurich Order.

**Legal Argument**

11 U.S.C. § 503(b) provides in pertinent part:

(b)    After notice and a hearing, there shall be allowed, administrative expense, other than claims allowed under section 502(f) of this title, including:

(1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b).

A claimant for an administrative award has the burden of proving that the Debtor's estate benefitted from the applicant's services to the extent of the claim allowed. In re Molnar Brothers, 200 B.R. 555, 559 (Bankr. D.N.J. 1996). Courts have established a two (2) part test for determining whether a debt should be afforded administrative priority: (1) if it arises from transaction with the debtor-in-possession; and (2) is beneficial to the debtor-in-possession in the operation of the business. In re Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984) (citing In re Mammoth Mart, Inc., 536 F.2d. 950, 954 (1st Cir. 1976).

Bankruptcy Code Section 507(a)(2) provides that administrative expenses allowed under Section 503(b) are entitled to priority over the claims of general unsecured creditors. In re Marcal Paper Mills, Inc., 650 F.3d 311, 314 (3d Cir. 2011). Section 503(b)(1)(A) in turn defines administrative expenses as "the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case." Id. (quoting § 503(b)(1)(A)). Interpreting this section, the Third Circuit has explained that, to qualify for administrative priority, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and the expense "must be beneficial to the debtor-in- possession in the operation of the business." Id. at 314-15 (quoting In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 532–33 (3d Cir. 1999) (quotations and brackets omitted)). The second requirement focuses on whether the expense was necessary to preserve the value of the estate. Trucking Employees of North Jersey Welfare Fund, Inc. v. Marcal Paper Mills, Inc., 2009 WL 3681897 at *4 (D.N.J. Nov. 2, 2009) (citing O'Brien, 181 F.3d at 533), aff'd and remanded, In re Marcal Paper Mills, Inc., 650 F.3d 311 (3d Cir. 2011).

Claim No. 74-2 filed by Zurich indicates that the Claim includes amounts owed for the policy periods 12/1/2020 - 23 (the "Policies"). The debt includes amounts owed prior to the Petition Date, during the Chapter 11 proceeding prior to conversion of the case to the instant

#737385 v1

Chapter 7 case and estimated claim for continuing insurance on the Covered Vehicles until the Covered Vehicles are no longer part of the bankruptcy estate.  Notwithstanding the Trustee providing Zurich with confirmation of the disposition of the Covered Vehicles, Zurich has apparently not yet completed its premium audit, as Zurich has not yet filed an amended Proof of Claim to reflect the ending of the insurance on the Covered Vehicles, as well as the premiums accrued on the Covered Vehicles through the date the Covered Vehicles were no longer property of the bankruptcy estate.

For the reasons as set forth above (specifically, Zurich not filing an amended Proof of Claim to reflect the results of the premium audit to take into account the repossession and sale of Covered Vehicles, thereby causing the Covered Vehicles to no longer constitute assets of the bankruptcy estate), the Trustee respectfully requests that the Court enter an Order expunging claim No. 74-2 filed by Zurich American Insurance Company in its entirety.

Respectfully submitted,

LEX NOVA LAW, LLC

E. Richard Dressel

ERD/je

#737385 v1