**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: ) | Case No. 22-19628 (ABA) |
| ) | |
| ORBIT ENERGY & POWER, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 7 AND CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM**

Zurich American Insurance Company (collectively, "Zurich") moves (this "Motion") the Court, pursuant to sections 105(a), 503(b), and 507(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order"), allowing and authorizing the payment of $129,916.16 as an Chapter 7 administrative expense and allowing $150,313.25 as a Chapter 11 administrative expense of the estate in the above-captioned case (the "Zurich Administrative Claim"). In support of this Motion, Zurich states as follows:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is sections 105(a), 503(b), and 507(a) of the Bankruptcy Code, Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. As relevant to this Motion, Zurich provided workers' compensation for policy periods from December 4, 2020 to February 27, 2023 to the Debtor (the "WC Policy"), and an

auto liability coverage for policy periods from December 1, 2020 to December 4, 2023 to the Debtor (the "Auto Policy", together with the WC Policy, the "Insurance Policies").

5. On December 6, 2022 (the "Petition Date"), the above-captioned debtor Orbit Energy & Power, LLC (the "Debtor") filed a petition [Dkt. No. 1] for voluntary relief under chapter 11 of the Bankruptcy Code initiating the above-captioned case (this "Case").

6. On February 27, 2023, the Court converted the Case to one under Chapter 7 of the Bankruptcy Code.

7. That same day, Andrew Finberg was appointed as the Chapter 7 Trustee.

8. On June 12, 2023, the Court entered the *Stipulation and Agreed Order Modifying the Automatic Stay to Permit Zurich American Insurance Company to Pursue Its Rights Under State Law Bankruptcy Code Pursuant to Section 362 and Bankruptcy Rule 4001* [Dkt. No. 273] (the "Stipulation") which required Zurich to continue the Auto Policy through the end of the policy term or until the Estate has sold all the covered vehicles, whichever is earliest.

9. On August 30, 2023, Andrew Skylar was appointed as the successor Chapter 7 Trustee.

10. On October 2, 2023, Zurich filed a Chapter 11 Administrative Expense Claim [Claim No. 138] in the amount of $108,637.90.

11. Concurrently with the filing of this Motion, Zurich filed an amended Chapter 11 Administrative Expense Claim [Claim No. 138-2] in the amount of $150,313.25.

12. On December 4, 2023, the Auto Policy expired on its own terms.

**RELIEF REQUESTED**

13. By the Application, Zurich respectfully requests that the Court enter the Proposed Order allowing and authorizing payment of the Zurich its Chapter 7 Administrative Claim in the amount of $129,916.16 and its Chapter 11 Administrative Claim in the amount of $150,313.25 to

2

the extent funds are available and granting such other or further relief as the Court may deem just or proper.

## BASIS FOR RELIEF

14. Pursuant to section 503(b) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Administrative expenses "are, as a rule, entitled to priority over prepetition unsecured claims." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 5 (2000) (citations omitted). A cost or expense qualifies as actual and necessary "if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." *In re Sunarhauserman, Inc.*, 126. F.3d 811, 816 (6th Cir. 1997) (citation omitted).

15. Because Zurich's claim against the Debtor relates to insurance coverage provided post-petition, Zurich is entitled to administrative priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2). *See In re MEI Diversified, Inc.*, 106 F.3d 829, 832 (8th Cir. 1997) (holding that an insurance company's claim for postpetition premium is entitled to administrative priority under Section 503(b)(1) of the Bankruptcy Code as an "actual, necessary" cost of preserving the bankruptcy estate); *see also, Metropolitan Ins. Co. v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 161 B.R. 934, 937 (Bankr. W.D. Pa. 1994) (holding that if a debtor elects to continue to receive the benefits under an insurance policy postpetition in the form of continuing coverage, the debtor and insurer have entered into a transaction under which the debtor has an obligation to pay the insurer's claims as an administrative expense); *In re Gamma Fishing Co.*, 70 B.R. 949, 953-54 (Bankr. S.D. Cal. 1987) (same).

16. The Zurich Administrative Claim is based on unpaid premiums due under the Insurance Policies for services and benefits provided postpetition to and for the benefit of the

bankruptcy estate. Specifically, the premiums for the entire policy period remain unpaid. A chart outlining the charges for the relevant policies is attached as **Exhibit B**.

17.     The services and benefits Zurich delivered under the Insurance Policies postpetition provided a direct and substantial benefit to the bankruptcy estate through ongoing coverage for the substantial number of vehicles that were owned by the estate. Additionally, while the Debtor was in Chapter 11, Zurich provided workers' compensation coverage which is required to be maintained. 11 U.S.C. § 1112(b)(4)(C). Without this benefit, the Debtor would not have been able to continue operating postpetition during the initial months of the case. Additionally, the Auto Policy provided a substantial benefit to the bankruptcy estate by providing coverage to the Debtor's fleet of vehicles. The unpaid postpetition premiums under the Insurance Policies are therefore entitled to allowance as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for the reasons stated above, Zurich respectfully requests that the Court enter the Proposed Order allowing and authorizing payment of the Chapter 7 Administrative Expense Claim and allowing the Chapter 11 Administrative Expense Claim and grant such other or further relief as the Court may deem just or proper.

Dated: July 26, 2024

GELLERT SEITZ BUSENKELL & BROWN, LLC

By:     */s/ Holly S. Miller*
Holly S. Miller, Esquire
901 Market Street, Suite 3020
Philadelphia, PA 19107
Telephone: (215) 238-0010
Email: hsmiller@gsbblaw.com

*Counsel for Zurich American Insurance Company and its affiliates*

4