# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 31st day of July, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and Soligent Distribution, LLC ("Soligent" and, together with the Trustee, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the [substitute] Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has filed an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey, Docket No. 23-1340(ABA) (the "Adversary Proceeding") asserting claims to avoid and recover transfers in the total amount of $119,998.75 made by the Debtor to Soligent prior to the Petition Date to or for the benefit of Soligent pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Soligent has filed an answer to the Trustee's complaint which commenced the Adversary Proceeding.

WHEREAS, Soligent has denied any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Soligent desire to avoid the costs and risks of litigation, regarding the Trustee Claim and, in order to resolve any and all issues and/or disputes involving the Debtor, its

#742624 v1

Chapter 7 case or any other matters relating thereto, including the Trustee Claim, on the terms and subject to the conditions set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound hereby, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to Bankruptcy Code approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim, the Trustee shall accept the sum of $25,000.00 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $25,000.00 on or before the fifth (5th) Business Day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement has become a final, non-appealable order. The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3. In the event Soligent fails to timely pay the Settlement Payment or Soligent's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Soligent's counsel. If Soligent fails to cure such default within ten (10) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to continue with the Adversary Proceeding and all collection efforts with respect the Trustee Claim.

4. Nothing herein shall prohibit Soligent from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

#742624 v1

5. Soligent's unsecured claim resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code arising out of the transaction described herein is specifically preserved. Nothing herein shall be construed as a waiver by Soligent of any administrative claim, reclamation claim, and general unsecured claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6. If the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement.

7. Nothing contained herein shall operate to prejudice Soligent's right to file a proof of claim against the Debtor or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8. Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement becomes a final, non-appealable Order and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Soligent from the Trustee Claim.

9. Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement Agreement and Solient's remittance of the Settlement Payment to the Trustee, Soligent shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such parties, except for any post-petition, pre-conversion claim filed against the Debtor as provided in Paragraph 5 hereof.

10. No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

#742624 v1

11. This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

| LEX NOVA LAW LLC | SOLIGENT DISTRIBUTION, LLC |
|---|---|
| By: /s/E. Richard Dressel<br>E. Richard Dressel, Esquire<br>10 W. Stow Road, Suite 250<br>Marlton, NJ 08053<br>Telephone: (856) 382-8211<br>Attorneys for Andrew Sklar,<br>     Chapter 7 Trustee | By: *Tasha Bury* (DocuSigned)<br>Title: VP of Finance<br><br>Email: tasha.bury@soligent.net |

FORMAN HOLT

By: /s/ Michael E. Holt, Esquire
Michael E. Holt, Esquire
365 W. Passaic Street, Suite 400
Rochelle Park, NJ 07662
Attorney for Soligent Distribution, LLC

#742624 v1

**DocuSign**

## Certificate Of Completion

Envelope Id: 6D970146361C4B4E8C1FD7B76661748C                                    Status: Completed
Subject: Complete with Docusign: SETTLEMENT AND MUTUAL RELEASE AGREEMENT - Soligent Distribution LLC 7-2...
Source Envelope:
Document Pages: 4                          Signatures: 1                         Envelope Originator:
Certificate Pages: 1                       Initials: 0                           Amory Bottorff
AutoNav: Enabled                                                                 400 S. Record Street
EnvelopeId Stamping: Enabled                                                     Suite 1500
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                                Dallas, TX  75202
                                                                                 amory.bottorff@soligent.net
                                                                                 IP Address: 136.34.210.137

## Record Tracking

Status: Original                           Holder: Amory Bottorff                Location: DocuSign
      7/31/2024 10:50:06 AM                        amory.bottorff@soligent.net

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Tasha Bury<br>tasha.bury@soligent.net<br>VP of Finance<br>Soligent Holdings, Inc<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Tasha Bury<br>B97996DCC22A402...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 209.150.250.182 | Sent: 7/31/2024 10:52:42 AM<br>Viewed: 7/31/2024 11:09:17 AM<br>Signed: 7/31/2024 11:10:46 AM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| Compliance<br>Compliance@soligent.net<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/31/2024 10:52:42 AM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 7/31/2024 10:52:42 AM |
| Certified Delivered | Security Checked | 7/31/2024 11:09:17 AM |
| Signing Complete | Security Checked | 7/31/2024 11:10:46 AM |
| Completed | Security Checked | 7/31/2024 11:10:46 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |