

10 E. Stow Rd.
Suite 250
Marlton, NJ 08053
(856) 382-8550
www.lexnovalaw.com

E. Richard Dressel, Esquire
Member of the NJ and PA Bar
Direct Dial (856) 382-8211
rdressel@lexnovalaw.com

August 20, 2024

*Via ECF*

Honorable Andrew B. Altenburg, U.S.B.J.
Mitchell H. Cohen U.S. Courthouse
Courtroom 4B
400 Cooper Street, 4th Floor
Camden, NJ 08101

   **Re:** Orbit Energy & Power, LLC
      Bankr. No. 22-19628 (ABA)

      Zurich American Insurance Company's Motion for Allowance and
      Payment of Chapter 7 and Chapter 11 Administrative Expense Claim

      Returnable: September 10, 2024 at 10:00 a.m.

Dear Judge Altenburg:

   This firm represents Andrew Sklar, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Orbit Energy & Power, LLC (the "Debtor"). Kindly accept this letter brief in lieu of a more formal memorandum in support of the Trustee's opposition to the Zurich American Insurance Company ("Zurich") Motion for Allowance and Payment of Chapter 7 and Chapter 11 Administrative Expense Claim (the "Zurich Motion").

   **Background Facts**

   The Trustee incorporates herein by reference the facts as set forth in the Certification of Andrew Sklar (the "Sklar Certification"), filed simultaneously herewith, in opposition to the relief sought in the Zurich Motion. By way of abbreviated background, a Stipulation and Agreed Order Modifying the Automatic Stay to Permit Zurich American Insurance Company to Pursue its Rights under State Law [and the] Bankruptcy Code Pursuant to Section 362 and Bankruptcy Rule 4001 was entered on June 12, 2023 (the "Zurich Order"). See Dkt. No. 273. Pursuant to the Zurich Order, Zurich's automobile liability policy with the Debtor was to be deemed terminated as of the date the bankruptcy estate no longer owned the vehicles covered by the Zurich automobile policy ( the "Covered Vehicles").

#744333 v1

Honorable Andrew B. Altenburg, U.S.B.J.
August 20, 2024
Page 2

As of at least June, 2023, none of the Covered Vehicles were still property of the bankruptcy estate. The Trustee previously provided Zurich with all information regarding the disposition of the Covered Vehicles by way of liquidation pursuant to stay relief orders (e.g., Bancorp. and Enterprise) and auction sales, so that Zurich can complete its premium audit and file an amended Proof of Claim to set forth its updated administrative claim(s), if any.

**Legal Argument**

As noted in the Zurich Motion, pursuant to section 503(b) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses…including…the actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. § 503(b)(1)(A). Administrative expenses "are, as a rule, entitled to priority over prepetition unsecured claims." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 5 (2000) (citations omitted). A cost or expense qualifies as actual and necessary "if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." In re Sunarhauserman, Inc., 126 F.3d 811, 816 (6th Cir. 1997) (citation omitted).

Zurich, as the claimant for an administrative award, has the burden of proving that the Debtor's estate benefitted from the applicant's services to the extent of the claim allowed. In re Molnar Brothers, 200 B.R. 555, 559 (Bankr. D.N.J. 1996). Courts have established a two (2) part test for determining whether a debt should be afforded administrative priority: (1) if it arises from transaction with the debtor-in-possession; and (2) is beneficial to the debtor-in-possession in the operation of the business. In re Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984) (citing In re Mammoth Mart, Inc., 536 F.2d. 950, 954 (1st Cir. 1976).

Bankruptcy Code Section 507(a)(2) provides that administrative expenses allowed under Section 503(b) are entitled to priority over the claims of general unsecured creditors. In re Marcal Paper Mills, Inc., 650 F.3d 311, 314 (3d Cir. 2011). Section 503(b)(1)(A) in turn defines administrative expenses as "the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case." Id. (quoting § 503(b)(1)(A)). Interpreting this section, the Third Circuit has explained that, to qualify for administrative priority, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and the expense "must be beneficial to the debtor-in- possession in the operation of the business." Id. at 314-15 (quoting In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 532–33 (3d Cir. 1999) (quotations and brackets omitted)). The second requirement focuses on whether the expense was necessary to preserve the value of the estate. Trucking Employees of North Jersey Welfare Fund, Inc. v. Marcal Paper Mills, Inc., 2009 WL 3681897 at *4 (D.N.J. Nov. 2, 2009) (citing O'Brien, 181 F.3d at 533), aff'd and remanded, In re Marcal Paper Mills, Inc., 650 F.3d 311 (3d Cir. 2011).

Zurich, as the party requesting approval of an administrative expense under Section 503(b)(1)(A), bears the burden of proving the request is for an actual and necessary expense of preserving the estate In re Merry-Go-Round Enters., 180 F.3d 149, 42 C.B.C.2d 218 (4th Circuit 1999). Accord In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d Cir. 1999). The Zurich Motion asserts Chapter 7 Administrative and Chapter 11 Administrative Expenses in the amounts of $129,916.16 and $150,313.25 respectively. The asserted Administrative Expenses are set forth

#744333 v1

in Exhibit B to the Zurich Motion.  However, neither the Zurich Motion nor its Amended Proof of Claim No. 138-2 provide any information regarding the calculation of its asserted Chapter 11 and Chapter 7 administrative claims, including a breakdown of the vehicles insured, the time periods for which the Covered Vehicles were insured (e.g. until the Covered Vehicles were disposed of by way of sale(s) by Bankcorp or Enterprise, or sold by the Trustee via either auction or private sale) and premiums for the various vehicles as required in this Circuit. As such, the Trustee is unable to evaluate the amounts asserted by Zurich to be entitled to administrative claim treatment.

      In light of the above, the Trustee respectfully requests that the Court enter an Order denying the Zurich Motion.

      Respectfully submitted,

      LEX NOVA LAW, LLC

      E. Richard Dressel

ERD/jae

#744333 v1