| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>E. Richard Dressel, Esquire (ED1793)<br>Lex Nova Law, LLC<br>10 E. Stow Road, Suite 250<br>Marlton, NJ 08053<br>rdressel@lexnovalaw.com<br>(856) 382-8211<br>Attorneys for Andrew Sklar, Chapter 7 Trustee | |
| In Re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>            Debtor. | Case No.: 22-19628(ABA)<br><br>Chapter:  7<br><br>Date of Hearing: 09/10//2024 @ 10:00 a.m.<br><br>Honorable Andrew B. Altenburg |

**CERTIFICATION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE,
IN OPPOSITION TO ZURICH AMERICAN INSURANCE
COMPANY'S MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 7
AND CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM**

    I, ANDREW SKLAR, of full age, hereby certify as follows:

    1.    I am an attorney at law in the State of New Jersey and serve as the Chapter 7 Trustee in the bankruptcy proceeding of Orbit Energy & Power, LLC (the "Debtor"). I have full knowledge of the facts and circumstances hereof. I make this Certification in Opposition to Zurich American Insurance Company's Motion for Allowance and Payment of Chapter 7 and Chapter 11 Administrative Expense Claim.

    2.    On December 6, 2022 ("Petition Date") the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

    3.    On February 27, 2023, an Order was entered converting the Debtor's case to the

instant Chapter 7 proceeding.

   4. On April 6, 2023, Andrew Finberg, the original Chapter 7 Trustee, filed a Notice of Assets & Request for Notice to Creditors with the Court. See Dkt. No. 224. In connection therewith, a proof of claim deadline of July 5, 2023 was set by the Court (the "Pre-Petition Claims Bar Date").

   5. On August 30, 2023, I was appointed to serve as the [successor] Chapter 7 Trustee in this case, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

   6. On June 12, 2023, the Court entered a Stipulation and Order Modifying the Automatic Stay to Permit Zurich American Insurance Company ("Zurich") to Pursue its Rights under State Law [and] Bankruptcy Code Pursuant to Bankruptcy Code § 362 and Bankr. Rule 4001 (the "Zurich Order"). See Dkt. No 273.

   7. The Zurich Order provided, in pertinent part, that Zurich's workers' compensation policy with the Debtor was deemed terminated as of February 27, 2023, the date of the conversion of the Debtor's bankruptcy case.

   8. The Zurich Order further provided that Zurich's automobile policy with the Debtor shall be deemed terminated as of the date the bankruptcy estate no longer owns the vehicles covered by the policy (the "Covered Vehicles"), the Trustee will provide Zurich with notice of the disposition of the last of the Covered Vehicles, and provide Zurich with the information necessary to enable Zurich to complete its premium audits (in anticipation of filing an amended proof of claim to update the Zurich Proof of Claim No. 74-2).

   9. On July 1, 2024, I filed a Motion for Entry of Order Expunging Zurich's Proof of Claim No. 74-2 Filed Pursuant to §§ 502 and 503 and Fed. R. Bankr. P. 3007 (the "Motion to

Expunge") See Dkt. No. 513.

10. My counsel had provided counsel for Zurich with all requested information necessary to enable Zurich to conduct/complete its premium audit on or about March 6, 2024 (the vast majority of the Covered Vehicles were returned to the secured lenders in February 2023 and March 2023 (shortly before or after conversion of the Debtor's Chapter 11 to Chapter 7 on February 27, 2023). Zurich indicated that it was working on completing its audit and expected to file an Amended Proof of Claim. However, as of the date of the Trustee's Motion to Expunge, Zurich had not filed an Amended Proof of Claim, which necessitated the Filing of the Motion to Expunge.

11. The Motion to Expunge objected to Zurich's Proof of Claim No. 74-2 filed on December 7, 2023 in the amount of $374,993.63 (the "Zurich Proof of Claim") objected to the Zurich Proof of Claim to the extent the Zurich Proof of Claim asserted either a Chapter 11 or Chapter 7 administrative expense to meet my fiduciary duty to maximize the value of this case for creditors having timely filed valid claims and ensure an equality of treatment for such creditors.

12. Subsequent to the filing of the Motion to Expunge, Zurich filed an Amended Proof of Claim No. 74-3, which set forth a general unsecured claim without priority in the amount of $613,450.84.

13. As a result of Zurich having filed Amended Proof of Claim No. 74-3, on July 31, 2024, I withdrew the Motion to Expunge as being moot. See Dkt. No. 527.

14. On July 14, 2024, Zurich filed Amended Claim No. 138-2 ("Amended Claim No. 138-2"). In the Addendum to Amended Claim No. 138-2, Zurich asserts an Administrative Expense in the amount of $150,313.25. The Addendum indicates that this amount is due under

3

#744408 v1

various workers' compensation, auto liability, commercial package and a miscellaneous professional liability policies for various post-petition periods. Although Amended Claim No. 138-2 indicates that "[c]opies of the documents referenced herein are in the possession of the Debtor, and, therefore, should be available to the Debtor, and Zurich will provide copies of such documents to other appropriate parties upon request provided that appropriate steps can be taken to ensure their confidentiality, as necessary or appropriate[,]" Amended Claim No. 138-2 provides no basis for the calculation of the administrative claim asserted. As such, I have requested that Zurich provide the support (including documentation) for the calculation of its administrative claim as set forth in Amended Claim No. 138-2.

15. On July 26, 2024, Zurich then filed a Motion for Allowance and Payment of Chapter 7 and Chapter 11 Administrative Expense Claim (the "Zurich Admin. Claim Motion"). See Dkt. No. 525.

16. By way of the Zurich Admin Claim Motion, Zurich seeks an Order allowing and compelling payment of an asserted Chapter 7 Administrative Expense in the amount of $129,916.16 and Chapter 11 Administrative Expense in the amount of $150,313.25.

17. Although the Zurich Admin. Claim Motion seeks an Order allowing and compelling payment of the above Administrative Expenses, Zurich provides no documentation or explanation for the basis or the calculation of the amounts claimed to be entitled to administrative claim status.

18. The requested documentation and calculations supporting the calculation of its asserted Chapter 7 Administrative Expense and Chapter 11 Administrative Expenses in the amount of $129,916.16 and $150,313.25 from Zurich will enable my accountant and I to review Zurich's asserted administrative claims and, hopefully, to resolve the Zurich

Admin. Claim Motion.

19.     I reserve the right to file additional objections to the Zurich Admin. Claim Motion and Amended Claim No. 138-2, as well as to any other proof of claim filed, or to be filed, against the Debtor.

I hereby certify that the foregoing is true. I understand that if any of the foregoing is willfully false, I am subject to punishment.

Dated:  August 20, 2024                             /s/ Andrew Sklar
                                                    Andrew Sklar

#744408 v1