UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

E. Richard Dressel, Esquire (ED1793)
Lex Nova Law, LLC
10 E. Stow Road, Suite 250
Marlton, NJ 08053
rdressel@lexnovalaw.com
(856) 382-8211
Attorneys for Andrew Sklar, Chapter 7 Trustee

In Re:

ORBIT ENERGY & POWER, LLC,

           Debtor.

ANDREW SKLAR, CHAPTER 7 TRUSTEE,

           Plaintiff,

v.

CITY ELECTRIC SUPPLY COMPANY, INC.,

           Defendant.

Case No.:    22-19628(ABA)

Adv. Pro No.:    23-1339(ABA)
Chapter:    7

Date of Hearing:    09/24/24 @ 10:00 a.m.

Judge:  Andrew B. Altenburg

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN ANDREW SKLAR, CHAPTER 7 TRUSTEE OF ORBIT ENERGY & POWER, LLC AND CITY ELECTRIC SUPPLY COMPANY, INC.**

Andrew Sklar, as Chapter 7 trustee (the "Trustee") of Orbit Energy & Power, LLC ("Orbit" or "Debtor"), by and through his attorneys, Lex Nova Law, LLC, hereby submits this Memorandum of Law in Support of Motion (the "Motion") for the entry of an order (the "Order") approving the settlement agreement dated August 26, 2024 (the "Settlement Agreement") attached as Exhibit A to the Certification of Andrew Sklar, Esquire in support of the Motion (the

#741864 v1

"Sklar Certification" by and between the Trustee and City Electric Supply Company, Inc. ("City"). In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 6, 2022 (the "Petition Date"). Orbit filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") and the Debtor's Chapter 11 case was assigned docket number 22-19628(ABA).

2. On February 27, 2023, the Bankruptcy Court entered an order converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

**The Adversary Proceeding**

3. On November 13, 2023, the Trustee filed a complaint against City seeking the recovery of preferential payments in the amount of $119,998.75 (the "Trustee Claim"), which was assigned adversary proceeding docket number 23-1339(ABA) (the "Adversary Proceeding").

4. On April 8, 2024. City filed an answer to the Trustee's complaint, asserting defenses to the Trustee's demand for recovery of the preferential transfers.

5. City has denied any liability and asserts that it has affirmative defenses to the Trustee Claim.

6. The Parties have entered into a Settlement Agreement which provides that the Parties have agreed to resolve the Trustee Claim. Pursuant to the Settlement Agreement, the estate is to receive $51,000 from City.

7. In accordance with the terms of the Settlement Agreement, the Trustee brings this Motion requesting entry of the proposed Order Approving the Settlement Agreement.

#741864 v1

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**RELIEF REQUESTED AND BASIS THEREFOR**

9. By this Motion, the Trustee respectfully requests the entry of an Order, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Trustee's entry into the Settlement Agreement. Per the terms of the Settlement Agreement, the estate will receive $51,000 from the Defendant while eliminating the uncertainty, expense and delay of the further litigation and collection efforts against City.

I.   **The Relevant Legal Standard.**

10. Section 363(b)(I) of the Bankruptcy Code provides that the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate" and is the statutory basis governing settlement agreements. 11 U.S.C. § 363(b)(l); *see also Myers v. Martin (In re Martin),* 91 F.3d 389, 394 n.2 (3d Cir. 1996). Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019 governs the procedural prerequisites to approval of a settlement and provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P.9019 (a).

11. Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) empower a bankruptcy court to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Group, Inc.,* 222 B.R.

243, 249 (D. Del. 1998). "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *In re Martin,* 91 F.3d at 393; *see also, In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006). In essence, a court will approve a settlement when it is fair and equitable and in the best interests of the estate. *Key3Media Group, Inc. v. Pulver.com, Inc.,* 336 B.R. 87, 93 (Bankr. D. Del. 2005).

12. In assessing whether a settlement proposed by a trustee should be approved, courts are not supposed to have a "mini-trial" on the merits, "but should canvass the issue to see whether the settlement falls below the lowest point in the range of reasonableness." *In re Jasmine, Ltd.,* 258 B.R. 119, 123 (D.N.J. 1999) (emphasis added) (citations and quotations omitted). Furthermore, the Third Circuit has also "noted that a court deciding whether to approve a settlement in bankruptcy 'relies heavily on the trustee,' and under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification." *Jasmine,* 258 B.R. at 123 *(quoting In re Martin,* 91 F.3d at 395). Indeed,

> [t]he lenient standards concerning approval of settlements and a limited scope of review reflect the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims. The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions.

*In re Purofield Down Products Corp.,* 150 B.R. 519, 522-23 (S.D.N.Y. 1983).

13. The Third Circuit has set forth a four factor analysis to determine whether a court should approve a proposed settlement agreement reached by a trustee with another party. *In re Martin,* 91 F.3d at 393. Those factors are:

  a. The probability of success in litigation;
  b. The likely difficulties in collection;
  c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

#741864 v1

      d.   The paramount interest of the creditors.

*Id.*

## II.   Application of the Relevant Legal Standard to the Settlement Agreement

**(A)   The probability of success in litigation.**

14.   City has raised several defenses to the Trustee Claim, in particular the ordinary course defense. The Trustee and City's counsel have exchanged information regarding the ordinary course defense, and the Trustee acknowledges that City had a defense to a significant portion of the Trustee Claim. As to the remaining portion of the Trustee Claim, the Trustee recognizes that there is always risk in any litigation.

**(B)   The likely difficulties in collection.**

15.   The Trustee does not believe there would be difficulty in collecting any judgment obtained in this matter and therefore did not really consider this factor in his analysis.

**(C)   The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.**

16.   The Adversary Proceeding involves many complex factual and legal issues. It is not reasonable for the estate to continue incurring administrative expenses pursuing litigation of the Trustee Claim when the likelihood of a substantial recovery is highly uncertain (partly due to the Trustee's acknowledgment of a valid ordinary course defense asserted by the Defendant as to the Trustee Claim). Given the complex nature of the Adversary Proceeding, the Trustee believes the cost and expense of continued litigation of the Trustee Claim outweighs any perceived benefit.

**(D)   The paramount interest of the creditors.**

17.   The Settlement Agreement provides a fixed distribution to the Chapter 7 estate now, rather than an uncertain amount (if any) that may only come after protracted litigation of the

#741864 v1

Trustee's Claim. The creditors of the Debtor's estate are best served by having $51,000 paid to the Trustee given the substantial risk that there may otherwise be little or no recovery if the litigation of the Trustee Claim proceeds to a trial.

18.    In short, the Settlement Agreement provides many benefits to the estate; primarily, $51,000 and certainty while limiting the fees incurred in the Adversary Proceeding. Accordingly, the Settlement Agreement does not come close to "fall[ing] below the lowest point in the range of reasonableness" and should therefore be approved. *See Jasmine,* 258 B.R. at 123 (citations omitted).

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order (i) approving the Settlement Agreement and (ii) granting such other and further relief as is deemed just and proper.

Dated:  August 26, 2024                            Respectfully submitted,

                                                   LEX NOVA LAW, LLC

                                           By:    /s/ E. Richard Dressel
                                                   E. Richard Dressel, Esquire
                                                   *Attorneys for Andrew Sklar, Chapter 7 Trustee of the Bankruptcy Estate of Orbit Energy & Power, LLC and Plaintiff*

#741864 v1