# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 19th day of September, 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and Beacon Roofing Supply, Inc. ("Beacon" and, together with the Trustee, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the [substitute] Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has filed an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey, Docket No. 24-1546(ABA) (the "Adversary Proceeding") asserting claims to avoid and recover transfers in the total amount of $138,528.62 made by the Debtor to Beacon prior to the Petition Date and allegedly to or for the benefit of Beacon pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Beacon has denied any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Beacon desire to avoid the costs and risks of litigation regarding the Trustee Claim and the Adversary Proceeding and, wish to resolve any and all issues and/or disputes involving the Debtor, its Chapter 7 case or any other matters relating thereto, including the Trustee Claim and the Adversary Proceeding, on the terms and subject to the conditions set forth in this Settlement Agreement.

#751248 v1

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound hereby, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to Bankruptcy Court approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim and the Adversary Proceeding, the Trustee shall accept the sum of $5,000.00 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $5,000.00 on or before the tenth (10th) Business Day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy, whichever occurs first..  The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC" and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3. In the event Beacon fails to timely pay the Settlement Payment or Beacon's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Beacon's counsel, NordLaw c/o Michael J. Stafford, Esq.  If Beacon fails to cure such default within ten (10) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to continue with the adversary proceeding against Beacon.

4. Nothing herein shall prohibit Beacon from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

#751248 v1

5. Beacon's unsecured claim resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code arising out of the transaction described herein is specifically preserved. Nothing herein shall be construed as a waiver by Beacon of any administrative claim, reclamation claim, and general unsecured claim already filed in this case or the Trustee's right to object to same on any grounds other than the terms of this Settlement Agreement.

6. If the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement.

7. Nothing contained herein shall operate to prejudice Beacon's right to file a proof of claim against the Debtor or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8. Upon the entry of an order of the Bankruptcy Court approving this Settlement Agreement and delivery of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, shall be deemed to have released Beacon, its agents, employees, affiliates, attorneys, successors and assigns of and from the Trustee Claim and the Trustee shall promptly cause the Adversary Proceeding to be dismissed with prejudice.

9. Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement Agreement and Beacon's remittance of the Settlement Payment to the Trustee, Beacon shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such parties relative to the Trustee Claim or the Adversary Proceeding, except for any post-petition, pre-conversion claim filed against the Debtor as provided in Paragraph 5 hereof.

#751248 v1

10. No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11. This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

| LEX NOVA LAW LLC | BEACON ROOFING SUPPLY, INC. |
|---|---|
| By: /s/E. Richard Dressel<br>E. Richard Dressel, Esquire<br>10 W. Stow Road, Suite 250<br>Marlton, NJ 08053<br>Telephone: (856) 382-8211<br>Attorneys for Andrew Sklar,<br>Chapter 7 Trustee | By: [signature]<br>Title: Vice President of Credit<br>Email: David.Brown@becn.com |

NORDLAW

By: /s/ Michael J. Stafford
　　Michael J. Stafford, Esquire
　　Turnpike Metroplex, Suite 201
　　190 Highway 18
　　East Brunswick, NJ 08816
　　Attorney for Beacon Roofing Supply, Inc.

#751248 v1