# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is entered into as of this 26th day of September 2024 by and between Andrew Sklar (the "Trustee"), the Chapter 7 Trustee of Orbit Energy & Power, LLC (the "Debtor") and Cohen Seglias Pallas Greenhall & Furman, P.C. ("Cohen" and, together with the Trustee, the "Parties") by and through their respective undersigned attorneys.

WHEREAS, on December 6, 2022 (the "Petition Date"), the Debtor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

WHEREAS, on February 27, 2023, the Debtor's Chapter 11 case was converted to the instant Chapter 7 case.

WHEREAS, thereafter, the Trustee was appointed as the [substitute] Chapter 7 Trustee of the Debtor's estate, duly qualified and so acting.

WHEREAS, the Trustee has filed an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey, Docket No. 24-1545(ABA) (the "Adversary Proceeding") asserting claims to avoid and recover transfers in the total amount of $58,936.38 made by the Debtor to Cohen prior to the Petition Date and allegedly to or for the benefit of Cohen pursuant to Chapter 5 of the Bankruptcy Code and for certain other relief (the "Trustee Claim").

WHEREAS, Cohen has denied any liability and asserts that it has affirmative defenses to the Trustee Claim.

WHEREAS, the Trustee and Cohen desire to avoid the costs and risks of litigation regarding the Trustee Claim and the Adversary proceeding and, wish to resolve any and all issues and/or disputes involving the Debtor, its Chapter 7 case or any other matters relating thereto, including the Trustee

Claim and the Adversary Proceeding, on the terms and subject to the conditions set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by the Parties, intending to be legally bound hereby, as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      Subject to Bankruptcy Court approval of the compromise set forth in this Settlement Agreement, and in full and complete settlement of the Trustee Claim and the Adversary Proceeding, the Trustee shall accept the sum of $4,500.00 (the "Settlement Payment") in full payment of the Trustee Claim, subject to the provisions of this Settlement Agreement. The Settlement Payment shall be paid in a single lump sum of $4,500.00 on or before the tenth (10th) Business Day after the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to notice of Proposed Compromise or Settlement of Controversy, whichever occurs first.  The Settlement Payment shall be made payable to "Andrew Sklar, Chapter 7 Trustee for the Estate of Orbit Energy & Power LLC" and mailed to Andrew Sklar, Esquire, SKLAR LAW LLC, 20 Brace Road, Suite 205, Cherry Hill, NJ 08034.

3.      In the event Cohen fails to timely pay the Settlement Payment or Cohen's payment is dishonored by the Trustee's bank, counsel for the Trustee will send written default notice by electronic and first-class mail, postage prepaid to Cohen's counsel, Cohen c/o Evan Blaker, Esquire.  If Cohen fails to cure such default within ten (10) Business Days after the notice is sent, this Settlement Agreement shall be null and void and the Trustee shall be entitled to continue with the Adversary Proceeding against Cohen.

4.      Nothing herein shall prohibit Cohen from paying the full amount of the Settlement Payment prior to the entry of a Bankruptcy Court Order Approving the Settlement Agreement or Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy.

5.      Cohen's unsecured claim resulting from the Settlement Payment under § 502(h) of the Bankruptcy Code arising out of the transaction described herein is specifically preserved.  Cohen hereby waives its claim for services rendered subsequent to the Chapter 11 Petition Date, as Cohen was not retained by the Debtor as required by the Bankruptcy Code.  Nothing herein shall be construed as a waiver by Cohen of any reclamation claim and general unsecured claim already filed in this case or the Trustee's right to object to the same on any grounds other than the terms of this Settlement Agreement.

6.      If the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall be restored to their respective litigation positions as they existed prior to the execution and delivery of this Settlement Agreement.

7.      Nothing contained herein shall operate to prejudice Cohen's right to file a proof of claim against the Debtor or the Trustee's right to object to such claim under the applicable provision of the Bankruptcy Code.

8.      Upon the Trustee's receipt of the Settlement Payment in good funds and in full, the Trustee, for himself and any party claiming by, through or under the Debtor or its estate, and its successors or assigns, shall be deemed to have released Cohen, its officers, directors, agents, employees, affiliates, attorneys, successors and assigns of and from any and all claims that the Trustee may possess or which could have been asserted against Cohen, its officers, directors, agents, employees, affiliates, attorneys, successors and assigns  and the Trustee shall promptly cause the Adversary Proceeding to be dismissed with prejudice.

9.      Upon the entry of a Certification of No Objection to a Notice of Proposed Compromise or Settlement of Controversy or an Order of the Bankruptcy Court approving this Settlement

Agreement and Cohen's remittance of the Settlement Payment to the Trustee, Cohen shall be deemed to have released the Debtor, the Trustee, his agents, employees, affiliates, attorneys, successors and assigns, of and from any and all claims which it has or may have against such parties relative to the Trustee Claim or the Adversary Proceeding, except for any post-petition, pre-conversion claim filed against the Debtor as provided in Paragraph 5 hereof.

10.     No modification of this Settlement Agreement shall be binding or enforceable unless in writing, signed by the Parties and approved by the Bankruptcy Court.

11.     This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Settlement Agreement as of the date and year first above written.

LEX NOVA LAW LLC

COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.

By:  /s/E. Richard Dressel
    E. Richard Dressel, Esquire
    10 W. Stow Road, Suite 250
    Marlton, NJ 08053
    Telephone:  (856) 382-8211
    Attorneys for Andrew Sklar,
     Chapter 7 Trustee

By:  /s Steven M. Williams
    Title:  Managing Partner
    1600 Market Street, 32nd Floor
    Philadelphia, PA 19103
    Email: swilliams@cohenseglias.com

COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.

By:  /s/ Evan A. Blaker
    Evan A. Blaker, Esquire
    1600 Market Street, 32nd Floor
    Philadelphia, PA 19103
    Telephone: (267) 238-4712
    Attorney for Cohen Seglias Pallas
    Greenhall & Furman, P.C.

9434786.2 55983-0002