LEX NOVA LAW LLC
E. RICHARD DRESSEL, ESQ. (ED1793)
10 E. Stow Road, Suite 250
Marlton, NJ 08053
rdressel@lexnovalaw.com
(856) 382-8211
Attorneys for Andrew Sklar,
 Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| In re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>Debtor. | Case No. 22-19628 (ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg<br><br>Hrg. Date: 07/20/2025 at 10:00 a.m. |
|---|---|

**CERTIFICATION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER APPROVING MUTUAL RELEASE AND SETTLEMENT AGREEMENT WITH FULTON BANK (AS SUCCESSOR IN INTEREST TO REPUBLIC BANK) REGARDING SET-OFF OF FUNDS**

ANDREW SKLAR, of full age, certifies as follows:

1. I serve as the Chapter 7 Trustee in the bankruptcy proceeding of Orbit Energy & Power, LLC (the "Debtor") and have full knowledge of the facts and circumstances hereof. I make this certification in support of the entry of an order approving mutual release and settlement agreement with Fulton Bank (as successor in interest to Republic Bank) regarding set-off of funds and for related relief.

2. On December 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On February 27, 2023, an Order was entered converting the Debtor's case to the instant Chapter 7 case.

#804849 v1

4. On August 30, 2023, I was appointed to serve at the [successor] Chapter 7 Trustee this case, with the duties described in 11 U.S.C § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

5. On or about March 13, 2025, my counsel was contacted by Jeffrey Cianciulli, counsel for Fulton Bank (as successor in interest to Republic Bank), and advised that Fulton Bank's (the "Bank") records reflected an account in the name of Orbit Energy & Power, LLC (acct. ending in xxx6463)(the "Account). Statements for the Account provided by the Bank reflected a balance of $71,399.48 as of March 17, 2025 (the "Account Balance").

6. At that time, the Bank did not believe that it was owed any monies by the Debtor and that the Bank had no claims against the Debtor, for set-off or otherwise.

7. Accordingly, I filed a Motion to request that this Court enter an Order directing the Bank to turnover the Account Balance, less any minimum balance necessary to keep the Account open to my attention by way of a bank check payable to "Andrew Sklar, Chapter 7 Trustee for Orbit Energy & Power, LLC" and delivered to me at 20 Brace Road, Cherry Hill, NJ 08034.

8. I also requested that the Bank forward future statements for the Account to me at the above address until such time as I would be able to investigate certain monthly "SRECTrade, Inc. EDI PYMNTS" credits/deposits being made into the Account.

9. On April 22, 2025, the Court entered an Order Directing Fulton Bank to Turnover Property of the Estate (the "Turnover Order"). Specifically, the Bank was directed to turnover to the Trustee the Account Balance, less any minimum balance necessary to keep the Account open. A copy of the Turnover Order is attached hereto as Exhibit "A" and incorporated herein.

10. Subsequent to the entry of the Turnover Order and prior to the Account Balance being turned over pursuant to the Turnover Order, counsel for the Bank advised my counsel that the Bank had determined that the it was, in fact, still owed $56,625.26 (the "Outstanding Balance"), consisting of a principal balance of $16,816.80 and interest of $35,808.46, which had apparently been missed in the process of Fulton Bank acquiring Republic Bank.

11. I have reviewed the Bank's filed UCC-1 and have concluded that the Bank does, in fact, possess a perfected security interest in the Account.

12. Over the past month, counsel for the Bank and my counsel have had numerous discussions regarding the Turnover Order and the Bank's determination that it is, in fact still owed $56,625.26 by the Debtor.

13. Subject to the approval of this Court, the Bank and I have reached a settlement which provides for the Bank to turnover to the Trustee all amounts in the Account Balance pursuant to the Turnover Order, with the exception of $16,816.80 principal balance still owed to the Bank, which the Bank shall be permitted to set-off in full satisfaction of the Outstanding Balance owed to the Bank by the Debtor, and a minimal balance necessary to keep the Account open so that I can complete my investigation of certain monthly "SRECTrade, Inc. EDI PYMNTS" credits/deposits being made into the Account.

14. The Bank and I have executed the agreed upon Mutual Release and Settlement Agreement (the "Settlement Agreement") attached hereto as Exhibit "B" and incorporated herein. I am now seeking approval of the Settlement Agreement by way of this Motion.

15. Given the time and expense associated with litigating the issues, and the defenses asserted by Republic Bank, I have determined, in my business judgment, that the Settlement

#804849 v1

Agreement is fair and will result in the most favorable and expeditious outcome for the set-off claim asserted by the Bank for the bankruptcy estate.

16. Therefore, I request that my Motion be granted and the Settlement Agreement be approved in its entirety.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              /s/ Andrew Sklar
                                              ANDREW SKLAR,
                                              Chapter 7 Trustee

Dated: June 20, 2025

#804849 v1