## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

THIS MUTUAL RELEASE AND SETTLEMENT AGREEMENT ("Mutual Release") is made and entered into as of the date the Court approves the settlement contemplated herein (the "Effective Date") by and among Fulton Bank (as successor in interest to Republic Bank) (the "Bank") and Andrew Sklar in his capacity as Chapter 7 Trustee (the "Trustee" and, together with the Bank, the "Parties" or each, individually, a "Party"), in Case No. 22-19628 (the "Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of New Jersey (the "Court"):

RECITALS

A.     On April 22, 2025, the Court entered an Order Directing Fulton Bank to Turnover Property of the Estate (the "Turnover Order").  Specifically, the Bank was directed to turnover to the Trustee the current $71,399.48 balance in Debtor's account ending in "6463" with the Bank (the "Account" and the "Account Balance"), less any minimum balance necessary to keep the Account open.

B.     Subsequent to the entry of the Turnover Order, the Bank advised the Trustee that the Bank had determined that the Bank was, in fact, still owed $56,625.26 by the Debtor, consisting of a principal balance of $16,816.80 and interest of $35,808.46.

C.     The Parties have mutually decided to resolve the issue of the extent of the Bank's claim against the Account Balance on the terms set forth herein.

AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals, which are incorporated by reference, and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, each of the Parties to this Mutual Release hereby agree as follows:

1.     **Settlement.**  Three (3) business days after the Effective Date, the Bank shall be permitted to set off $16,816.80 of the Account Balance against the outstanding balance owed to the Bank in full satisfaction of all amounts owed to the Bank and turnover the balance of the monies in the Account to the Trustee, less a minimal amount required to keep the Account open.

2.     **Retention of Remaining Funds by the Bank.**  The $16,816.80 set-off shall be deemed payment in full satisfaction of all amounts owed by the Debtor to the Bank.

3. **Mutual Releases.**

The Bank, on its own behalf and on behalf of its owners, investors, partners, members, managers, managing directors, officers, directors, successors, assigns, predecessors, parent companies, subsidiaries, affiliates, and their respective members, managers, managing directors, officers, directors, employees, personal representatives and agents (the foregoing, collectively, "Related Persons" and together with the Bank, (the "Bank Releasors"), hereby fully and finally releases, acquits, and forever discharges the Trustee and the Debtor's estate (the "Trustee") with respect to all liabilities, obligations, claims, actions, causes of action, demands, damages, losses, fees, costs and expenses, of any nature whatsoever known or unknown, asserted or unasserted, ascertained or unascertained, suspected or unsuspected, accrued or unaccrued, matured or unmatured, liquidated or contingent, existing or claimed to exist that the Bank Releasors have or could have against the Trustee (the "Bank Released Claim")..

The Bank, on its own behalf and on behalf of the Bank Releasors, agrees and covenants that it is forever barred from initiating, prosecuting, participating in the assertion or prosecution of, maintaining, asserting or seeking to enforce any Bank Released Claim against any of the Trustee, whether directly or indirectly, whether on its own behalf or on behalf of any class or any other person or entity, and the Bank agrees, on its own behalf and on behalf of the estate, that these releases shall constitute complete defenses to any such Bank Released Claim.

The Trustee, on its own behalf and on behalf of the estate, hereby fully and finally releases, acquits, and forever discharges the Bank Releasors with respect to all liabilities, obligations, claims, actions, causes of action, demands, damages, losses, fees, costs and expenses, of any nature whatsoever known or unknown, asserted or unasserted, ascertained or unascertained, suspected or unsuspected, accrued or unaccrued, matured or unmatured, liquidated or contingent, existing or claimed to exist that the Trustee has or could have against the Bank Releasors (the "Trustee Released Claim").

The Trustee, on its own behalf and on behalf of the estate, agrees and covenants that it is forever barred from initiating, prosecuting, participating in the assertion or prosecution of, maintaining, asserting or seeking to enforce any Trustee Released Claim against any of the Bank Releasors, whether directly or indirectly, whether on its own behalf or on behalf of any class or any other person or entity, and the Trustee agrees, on its own behalf and on behalf of the estate, that these releases shall constitute complete defenses to any such Trustee Released Claim.

Notwithstanding anything to the contrary contained herein, neither the Bank Releasors nor the Trustee shall be deemed to have released any Claims arising from the enforcement of this Mutual Release. Moreover, for the avoidance of doubt, no Party is releasing or being released from any claims, rights or obligations arising under this Mutual Release.

4. **Representations and Warranties.** Each Party represents and warrants to the other and agrees with the other as follows:

    a. Each Party has carefully read and reviewed this Mutual Release and understands it fully, and each Party has reviewed the terms of this Mutual Release with one or more attorneys of the Party's choice prior to executing this Mutual Release;

    b. Each Party specifically is not relying upon any statement, representation, legal opinion, accounting opinion, or promise, express or implied, of any other Party or of any person representing such other Party in executing this Mutual Release, or in making the settlement provided for herein, except as expressly stated in this Mutual Release;

    c. Each Party has made such investigation of the law and the facts pertaining to this Mutual Release, and of all the matters pertaining thereto, as it deems necessary;

    d. This Mutual Release is the result of arm's-length negotiation between the Parties;

    e. Each Party has full power and authority, and has been duly authorized, to enter into this Mutual Release and consummate the transactions contemplated by this Mutual Release; and

    f. The person signing this Mutual Release has the full authority to bind the Party indicated.

  **5.** **Interpretation.** This Mutual Release has been negotiated by the Parties and their respective attorneys and is to be interpreted according to its fair meaning as if the Parties had prepared it together and not strictly for or against any party.

  **6.** **No Reliance.** The Parties acknowledge that they have read and understand the terms of this Mutual Release and have been advised by their respective counsel with respect thereto, understand the significance and consequences of this Mutual Release, have entered into this Mutual Release knowingly and voluntarily, and have not relied, and expressly disclaim any reliance, on any representation, declaration, promise or inducement other than as set forth in this Mutual Release.

  **7.** **Further Actions.** Each Party agrees to execute any additional documents and to take any further action which reasonably may be required to consummate this Mutual Release or otherwise fulfill the intent of the Parties.

  **8.** **Governing Law.** This Mutual Release shall be deemed to have been executed and delivered within the State of New Jersey, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with and governed by the laws of the State of New Jersey without regard to choice-of-law principles or provisions thereof.

  IN WITNESS WHEREOF, the Parties have executed this Mutual Release and Settlement Agreement as of the Effective Date.

*[Signature Pages Follow]*

**Orbit Energy & Power, LLC**

By: *Andrew Sklar*

Name: Andrew Sklar

Title: Chapter 7 Trustee


**Fulton Bank (as successor in interest to Republic Bank)**

By: *Joseph E Warner, III*

Name:  Joseph E. Warner, III

Title:   Vice President, Regional Manager