| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.NJ. LBR 9004-1(b)**<br>E. Richard Dressel, Esquire (ED1793)<br>Lex Nova Law LLC<br>10 E. Stow Road, Suite 250<br>Marlton, NJ 08053<br>(856) 382-8211<br>Attorneys for Andrew Sklar,<br>Chapter 7 Trustee |
| In re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>    Debtor. |

Case No.: 22-19628(ABA)

Chapter 7

Honorable Andrew B. Altenberg

Hearing Date: 07/25/2025 @ 10:00 a.m.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER APPROVING MUTUAL RELEASE AND SETTLEMENT AGREEMENT WITH FULTON BANK (AS SUCCESSOR IN INTEREST TO REPUBLIC BANK) REGARDING SET-OFF OF FUNDS**

**PRELIMINARY STATEMENT**

Andrew Sklar, Chapter 7 Trustee ("Trustee") for Orbit Energy & Power, LLC, Chapter 7 debtor ("Debtor") and Fulton Bank, as successor in interest to Republic Bank (the "Bank" and, together with the Debtor, the "Parties") respectfully submits this Memorandum of Law in Support of the Motion for Entry of an Order Approving Mutual Release and Settlement Agreement with the Bank Regarding Set-Off of Funds Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 (the "Motion").

The settlement provides that, of the $71,399.48 on deposit with the Bank (the "Account Balance") with the Bank, the Bank will retain $16,816.80 in complete satisfaction of the Bank's claim(s) against the bankruptcy estate pay the Trustee the sum of $54,582.68 (less a deminimus

#804769 v2

amount to keep the Account open) (the "Settlement"). Given the time and expense associated with litigating the issues, the Trustee has determined, in his business judgment, that the Settlement is in the best interests of creditors and this Estate.

## STATEMENT OF FACTS

For the sake of brevity, the Trustee incorporates the facts from his Certification filed in support of the within Motion.

## LEGAL ARGUMENT

By this Motion, the Trustee seeks entry of an order approving the proposed Settlement pursuant to Bankruptcy Rule 9019.

### A. The Settlement is Fair and Equitable To and Is in the Best Interests of the Debtor's Estate and Creditors.

Bankruptcy law favors settlement of disputes. See, e.g., Will v. Nw. Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006); see also Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) ("[I]n administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange a settlement of claims in which there is substantial and reasonable doubts."): Tindall v. Mavrode (In re Mavrode), 205 B.R. 716, 719-20 (Bankr. D.N.J. 1997) (noting that the Third Circuit favors settlements in bankruptcy cases).

Thus, under Bankruptcy Rule 9019(a), upon motion and after notice and a hearing, a bankruptcy court may approve a compromise or settlement. In determining whether to approve a settlement, a bankruptcy court should consider four criteria: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of litigation involved and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors. Martin v. Myers (In re Martin), 91 F.3d 389,393 (3d Cir. 1996).

#804769 v2

In making its determination, a court must not substitute its judgment for that of the trustee. Rather, under normal circumstances, a court should defer to the trustee's judgment so long as legitimate business justification for the judgment exists. Moreover, the settlement need not qualify as the best possible compromise. Instead, the court need find only that the settlement is fair, reasonable, and in the best interest of the estate. Next, the court should not decide questions of law and fact raised by any objections. Rather, the court should only canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. Martin, 91 F.3d at 393.

Applying this standard, bankruptcy courts in this District routinely approve settlements in bankruptcy cases. See, e.g., In re Grand Prix Assocs. Inc., 2009 WL 1850966 at **6-8 (Bankr. D.N.J. June 26, 2009) (approving settlement because, among other reasons, litigation would be extremely costly and time consuming and parties could not demonstrate whether there would be sufficient monetary collection that would benefit estate); In re McDermott, 2008 WL 877964 at *6 (granting chapter 7 trustee's motion to approve settlement of debtors' state court action asserting fraud, mismanagement, and other claims, where trustee had undertaken extensive due diligence when she evaluated probability of success; trial issues were complex; there was no guarantee of favorable outcome on merit; administration costs would likely consume any potential recovery by unsecured creditors unless recovery was well in excess of $1 million; and serious issues as to collectability of any money judgment existed because defendants resided in Florida); In re NJ Affordable Homes Corp., 2007 WL 4300153 at **3-4 (Bankr. D.N.J. Dec. 5, 2007) (approving chapter 7 trustee's settlement providing for transfer of certain real properties to title insurance company, where proposed settlement would net $20,000.00 per property for the estate, and thus, $900,000.00 for forty-five properties; such recovery represented significant

consideration in exchange for release of claims which might eventually have no value, given lack of equity remaining in properties; such recovery was far more beneficial than possibility of zero recovery plus accumulation of significant professional fees in litigation; management of properties had ceased; and the real estate market had deteriorated); In re NJ Affordable Homes Corp., 2007 WL 3166950 at **8-11 (Bankr. D.N.J. Oct. 22, 2007) (approving chapter 7 trustee's settlement whereby chapter 7 trustee would pursuant to certain procedures enter into consent judgments with Ponzi scheme investors, where litigation was complex and expensive, continuing litigation would require extensive discovery with large number of defendants, collection efforts against defendants would likely be fruitless, and requiring defendants to litigate, rather than cut their losses, would be punitive and unfair); In re NJ Affordable Homes Corp., 2007 WL 2713046 at **8-10 (Bankr. D.N.J. Sept. 13, 2007) (approving chapter 7 trustee's settlement providing for transfer of certain real properties to certain institutional lenders, where adversary proceedings at issue were complex and litigious, litigation expenses were enormous, settlement would neither affect nor prejudice rights of competing mortgage holders in properties, individual investors in case sought finality, and settlement was designed to minimize claims against estate).

In the present case, the Martin factors are addressed or have been satisfied. First, although the Trustee believes he may succeed in obtaining all of the $71,399.48 for the benefit of the bankruptcy estate given the Turnover Order and the Bank having waived any claims as to the Account Balance, Republic asserts a secured claim against the Account Balance to the extent of the $52,625.26 still owed to the Bank and the Trustee is mindful of the fact that if contested, the Bank will assert its secured claim attaches to the entirety of the Account Balance.

The second Martin factor, the likely difficulties in collection, is not necessarily applicable in the present case, as the monies at issue are on deposit and would be available for turnover upon

#804769 v2

the entry of an Order by this Court.  The third <u>Martin</u> factor may outweigh the first factor, as the bankruptcy estate is currently of minimal value, and the Trustee is keenly aware that the cost of litigating the setoff issue with the Bank, as well as Republic's asserted secured claim to the entirety of the funds due to the it first lien against the Account Balance may well exceed the benefit to the estate in obtaining an Order directing the turnover of the entire Account Balance to the Trustee. Simply put, the time, expense, and inconvenience of proceeding to trial with the Bank may outweigh, or at least significantly diminish, any ultimate benefit to the bankruptcy estate.  Finally, the Trustee believes that the Settlement is in the best interests of creditors, as the bankruptcy estate does not incur unnecessary additional fees in the cost associated with litigating the issue. Accordingly, the Trustee submits the Settlement is fair and equitable and falls within the range of reasonableness.  The Settlement amount will be added to the existing pool of funds on hand with the Trustee, which will be used for the pursuit of recovery actions and other assets for a potential distribution to general unsecured creditors after administrative claims are paid in full.

The relief requested by the Trustee in the Motion is also consistent with this Court's equitable powers pursuant to Section 105(a) of the Bankruptcy Code.  Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).  As one court acknowledged, Section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> [Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for the broad exercise of power in the administration of a bankruptcy case.  The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . .

<u>Davis v. Davis (In re Davis)</u>, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); <u>see also</u> <u>In re Kaiser Aluminum Corp.</u>, 456 F.3d 328, 340 (3rd Cir. 2006). Under Section

#804769 v2

105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets. See <u>Coie v. Sadkin (In re Sadkin)</u>, 36 F.3d 473, 478 (5th Cir. 1994). The facts of this case further Section 105's purpose. The terms and conditions were negotiated prior to reaching the Settlement, and the Trustee has determined that the Settlement with Defendant is in the Estate's best interests.

The Trustee respectfully submits that the proposed Settlement not only surpasses the minimum threshold of reasonableness necessary to warrant approval, but it in fact also produces the best economic result possible for the Debtor's Estate and creditors under the circumstances of this case. For this and the other reasons set forth herein, the Trustee respectfully submits that the Settlement satisfies the applicable legal standards, is fair, equitable and reasonable, and should be approved by this Court.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests the entry of an Order in substantially the form submitted, approving the Parties' Settlement, and granting such other and further relief as the Court deems just and equitable.

                                                     LEX NOVA LAW LLC
                                                     Counsel to Andrew Sklar,
                                                     Chapter 7 Trustee

Dated: June 20, 2025                                     By: <u>/s/E. Richard Dressel</u>
                                                          E. Richard Dressel

#804769 v2