LEX NOVA LAW LLC
E. RICHARD DRESSEL, ESQ. (ED1793)
20000 Horizon Way, Suite 750
Mt. Laurel, NJ 08054
rdressel@lexnovalaw.com
(856) 382-8211
Attorneys for Andrew Sklar,
   Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>                Debtor. | Case No. 22-19628 (ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg<br><br>Hrg. Date: 03/__/2026 at 10:00 a.m. |

CERTIFICATION OF ANDREW SKLAR, CHAPTER 7 TRUSTEE, IN
SUPPORT OF OMNIBUS MOTION FOR ENTRY OF AN ORDER MODIFYING
THE PROOFS OF CLAIM FILED BY (a) ASSOCIATE REFRIGERATION, INC.,
(b) TVT 2.0 LLC, (c) GLOBAL MERCHANT CASH, INC., (d) WELLS FARGO
COMMERCIAL DISTRIBUTION FINANCE, LLC, (e) EBF HOLDINGS, LLC d/b/a
EVEREST BUSINESS FUNDING, (f) RESERVE CAPITAL MANAGEMENT, (g)
WYNNEWOOD CAPITAL GROUP, LLC, AND (h) CLOUD FUND, LLC

ANDREW SKLAR, of full age, certifies as follows:

1.    I serve as the Chapter 7 Trustee in the bankruptcy proceeding of Orbit Energy & Power, LLC (the "Debtor") and, as such, have full knowledge of the facts and circumstances hereof. I make this Certification in support of the entry of an Order modifying and reclassifying the following secured proofs of claim as general unsecured claims without priority:

    (a)    Associate Refrigeration, Inc. (proof of claim #31-2);

    (b)    TVT 2.0 LLC (proof of claim #42-1);

    (c)    Global Merchant Cash, Inc. (proof of claim #54-1);

#837603 v1

  (d)  Wells Fargo Commercial Distribution Finance, LLC (proof of claim #60-1);

  (e)  EBF Holdings, LLC, d/b/a Everest Business Funding (proofs of claim #s 72-1 and 73-2);

  (f)  Reserve Capital Management (proof of claim #85-1);

  (g)  Wynnewood Capital Group, LLC (proof of claim #86-1); and

  (h)  Cloud Fund, LLC (proof of claim #87-1)

(the "Motion).

  2.  On December 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

  3.  On February 27, 2023, an Order was entered converting the Debtor's case to the instant Chapter 7 case.

  4.  The deadline for the filing of proofs of claim, including government proofs of claim, was July 5, 2023.

  5.  On August 30, 2023, I was appointed to serve as the [successor] Chapter 7 Trustee in this case, with the duties described in 11 U.S.C § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

  6.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

  7.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409..

  8.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

  9.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1408.

  10.  The basis for the relief requested by way of this Motion is Fed. R. Bankr. P. Rules 3007 and 3012.

## BACKGROUND

11.     The Trustee has reviewed all proofs of claim filed in this case to date to determine the accuracy of all claims filed in this proceeding.

12.     On June 5, 2023, Associate Refrigeration, Inc. filed Proof of Claim No. 31-2 asserting a secured claim in the amount of $23,599.00 (the "Associate Proof of Claim") secured by a "personal guarantee".  A copy of the Associate Proof of Claim is attached hereto as Exhibit "A" and incorporated herein.

13.     On January 17, 2023, TVT 2.0 LLC filed Proof of Claim No. 42-1 asserting a secured claim in the amount of $1,402.785.08 (the "TVT Proof of Claim") secured by all of the Debtor's assets.  A copy of the TVT Proof of Claim is attached hereto as Exhibit "B" and incorporated herein.

14.     On February 4, 2023, Global Merchant Cash, Inc. filed Proof of Claim No. 54-1 asserting a secured claim in the amount of $541,965.56 (the "Global Proof of Claim") secured by all assets of the Debtor.  A copy of the Global Proof of Claim is attached hereto as Exhibit "C" and incorporated herein.

15.     On February 8, 2023, Wells Fargo Commercial Distribution Finance, LLC filed Proof of Claim No. 60-1 asserting a secured claim of $83,442.75 (the "Wells Fargo Proof of Claim") secured by financed inventory.  A copy of the Wells Fargo Proof of Claim is attached hereto as Exhibit "D" and incorporated herein.

16.     On February 13, 2023, EBF Holdings, LLC filed Proof of Claim No. 72-1 asserting a secured claim of $474,720 and on February 14, 2023 EBF Holdings, LLC filed Proof of Claim No. 73-2 asserting a secured claim of $369,900.00 (the "EBF Proof of Claim") secured

by all assets of the Debtor. Copies of the EBF Proofs of Claim are attached hereto as Exhibit "E" and incorporated herein.

17. On February 14, 2023, Wynnewood Capital Group, LLC filed Proof of Claim No. 86-1 asserting a secured claim of $951,320.00 (the "Wynnewood Proof of Claim") secured by all assets of the Debtor. A copy of the Wynnewood Proof of Claim is attached hereto as Exhibit "F" and incorporated herein.

18. On February 14, 2023, Reserve Capital Management filed Proof of Claim No. 85-1 asserting a secured claim of $2,051,866.66 (the "Reserve Capital Proof of Claim") secured by all assets of the Debtor. A copy of the Reserve Capital Proof of Claim is attached hereto as Exhibit "G" and incorporated herein.

19. On February 14, 2023, Cloud Fund LLC filed Proof of Claim No. 87-1 asserting a secured claim of $1,536,975.00 (the "Cloud Fund Proof of Claim") secured by all assets of the Debtor. A copy of the Cloud Fund Proof of Claim is attached hereto as Exhibit "H" and incorporated herein.

20. The Associated Proof of Claim, the TVT Proof of Claim, the Global Proof of Claim, the Wells Fargo Proof of Claim, the EBF Proofs of Claim, the Wynnewood Proof of Claim, the Reserve Capital Proof of Claim and the Cloud Fund Proof of Claim are collectively referred to as the "Secured Proofs of Claim.

RELIEF REQUESTED

21. By way of this Motion, the Trustee seeks the entry of an order pursuant to Bankruptcy Rule 3007 and 3012 modifying and treating the Secured Proofs of Claim as general unsecured claims without priority in the same amounts as set forth in each of the Secured Proofs

#837603 v1

of Claim for all purposes in this Chapter 7 case including, but not limited to, sharing in any distributions in accordance with the priorities set forth in the Bankruptcy Code.

22. As set forth in the Debtor's initial Motion for Authority to Use Cash Collateral, Republic Bank possessed the first lien position against all the Debtor's assets to secure an outstanding balance of $480,000 as of the Petition Date. [Dkt. No. 2].

23. On May 31, 2023, Andrew Finberg, the prior Chapter 7 Trustee in this case, filed a Motion to Sell Property Free and Clear of Liens Under Section 363(f). [Dkt. No. 261]. The property to be sold by way of the Motion included the Debtor's inventory, equipment, office supplies and personal property.

24. On July 11, 2023 this Court entered an Order Approving (A) the Public Auction Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363 (b) and (f) and Federal Rule of Bankruptcy Procedure 6004 and (B) Procedures Governing the Public Auction Sale (the "Sale Order") [Dkt. No. 293], which sale included a 15% carve-out for administrative expenses.

25. On October 9, 2023, the Trustee filed his Final Report of Public Sale [Dkt. No. 355]. As set forth in the Final Report of Public Sale, Republic Bank received net proceeds from the public auction in the amount of $376,173.65 (net sale proceeds of $443,557.24 less the agreed-upon 15% carve-out pursuant to the Sale Order.)

26. After the Trustee's sale of non-vehicle assets, the balance owed to Republic Bank was approximately $103,826.37, which continued to be secured by Republic Bank's blanket first lien position against Debtor's remaining physical assets.

27. The remainder of the physical assets (non-vehilces) at the Debtor's location(s) were abandoned per the Trustee's Notice of Abandonment and Certification of No Objection [Dkt. Nos. 315 and 321].

28. On March 19, 2024 the Court entered an Order Approving Public Sale of Vehicles (Dkt. No. 463]. Net proceeds after the payment of the lienholders on the specific vehicles sold at auction were retained by the estate. The Trustees Final Report of Public Sale [Dkt. No. 508] reflected $74,632 in net proceeds to the estate from the sale.

29. On February 21, 2023, Sunlight Financial, LLC filed a Motion for Relief from the Automatic Stay [Dkt. No. 179] with respect to Sunlight Financial's escrow account at Silicon Valley Bank (Calif.) - funds withheld pursuant to Financing Program Agreement for installation projects for Debtor's customers. No other parties possessed an interest in this escrow account.

30. On October 11, 2023 the Court entered an Order Approving Mutual Release and Settlement Agreement Resolving Motion of Sunlight Financial LLC for Relief from Automatic Stay to Setoff Funds Pursuant to 11 U.S.C. S. 105(a) and Fed. R. Bankr. P. 9019 and for Related Relief (the "Sunlight Order") [Dkt. No. 356]. Pursuant to the Sunlight Order and settlement, Sunlight retained $70,000 from the account at issue and the estate received $80,000.

31. On June 20, 2025 the Trustee filed a Motion to Approve Compromise with Fulton Bank, as successor in interest to Republic Bank [Dkt. No. 599] with respect to an account in the name of Orbit with a balance of $71,399.48, which Fulton located when it acquired Republic Bank. As set forth in the Trustee's Motion, the Trustee reviewed Republic's UCC-A and concluded that, like the Debtor's other physical assets, Republic Bank did, in fact, possess a perfected first position security interest in the account to be set-off.

#837603 v1

32.     On July 22, 2025, the Court entered an Order Approving Mutual Release and Settlement Agreement with Fulton Bank (as successor in interest to Republic Bank) Regarding Set-Off of Funds [Dkt. No.607]. Pursuant to this Order, Fulton accepted $16,816.80 in full satisfaction of the $56,625.26 balance owed to Fulton/Republic Bank on account of its first lien against the assets of the Debtor, and the bankruptcy estate received the remaining $56,219.95 in the Fulton account.

33.     After the liquidation of the Debtor's assets and the abandonment of any remaining assets of any remaining assets, there are no assets in the bankruptcy estate to which the secured claims asserted in the Secured Proofs of Claim attach.

**34.**     Associate Refrigeration, Inc. filed Proof of Claim No. 31-2 asserting a secured claim in the amount of $23,599.00 The Associate Proof of Claim asserts a claim secured by virtue of the personal guarantee of the Debtor's principal, Sean Angelini. However, the personal guarantee does not raise the Associate Proof of Claim to a secured claim as to the Debtor.

35.     By way of this Motion, the Trustee seeks the entry of an order pursuant to Bankruptcy Rule 3007 and Bankruptcy Code Sections 502 and 506 modifying the Secured Proofs of Claim and treating said claims, in the same amounts as those asserted in the Secured Proofs of Claim, as general unsecured claims without priority for all purposes in this Chapter 7 including, but not limited to, any distributions to be made by the Trustee in accordance with the priorities set forth in the Bankruptcy Code.

RESERVATION OF RIGHTS

36.     The Trustee reserves the right to amend, modify or supplement this Motion. Additionally, the Trustee expressly reserves the right to (i) respond to any allegation or defense that may be raised in a response filed by or on behalf of any creditors who have filed the Secured

#837603 v1

Proofs of Claim, and (ii) further object to any of the Secured Proofs of Claim for which a creditor may provide (or attempt to provide) additional documentation or substitution. Should one or more of the grounds of objection stated in this Motion be overruled, the Trustee reserves the right to object to any creditors' Secured Proofs of Claim on any other grounds as permitted by non-bankruptcy or bankruptcy law.

## NOTICE

37. Notice of this Motion has been given to (i) each of the creditors asserting Secured Claims; (ii) Counsel for each of the creditors asserting Secured Claims (if known); (iii) parties requesting service of pleadings in this case; and (iv) the Office of the United States Trustee. The Trustee submits that no further or other notice need be provided.

38. For the reasons set forth herein, Andrew Sklar, the Chapter 7 Trustee respectfully requests that this Honorable Court enter an order in substantially the form submitted herewith modifying the Secured Proofs of Claim, and for any further additional relief as may be deemed just and proper.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        /s/ Andrew Sklar
        ANDREW SKLAR,
        Chapter 7 Trustee

Dated: February ____, 2026

#837603 v1