**Fill in this information to identify the case:**

Debtor 1  Orbit Energy & Power, LLC
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court  **District of New Jersey**
Case number: **22–19628**

FILED
U.S. Bankruptcy Court
District of New Jersey
2/8/2023
Jeanne Naughton, Clerk

# Official Form 410
## Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

| | | |
|---|---|---|
| **1. Who is the current creditor?** | Wells Fargo Commercial Distribution Finance, LLC <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor | |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? | |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Wells Fargo Commercial Distribution Finance, LLC <br> Name <br><br> Reed Smith LLP <br> Attn: Jason D. Angelo, Esquire <br> 1201 N. Market Street, Suite 1500 <br> Wilmington, DE 19601 <br><br> Contact phone  302–778–7500 <br><br> Contact email  jangelo@reedsmith.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent?** (if different) <br><br> Wells Fargo Commercial Distribution Finance, LLC <br> Name <br><br> P.O. Box 206740 <br><br><br> Dallas, TX 75320–6740 <br><br> Contact phone  847–747–3170 <br><br> Contact email <br> dawn.wolterink@wellsfargo.com |
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____ <br> MM / DD / YYYY | |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? | |

Official Form 410                                                    Proof of Claim                                                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 83442.75 | **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>See attached Addendum. | |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br>   **Nature of property:**<br>   ☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>   ☐ Motor vehicle<br>   ☒ Other. Describe: See attached Addendum.<br><br>   **Basis for perfection:** See attached Addendum.<br><br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   **Value of property:** $ _____<br>   **Amount of the claim that is secured:** $ 83442.75<br>   **Amount of the claim that is unsecured:** $ 0.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   **Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>   **Annual Interest Rate** (when case was filed)  4.75 %<br>   ☒ Fixed<br>   ☐ Variable | |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☒ Yes. Identify the property: See attached Addendum. | |

Official Form 410            Proof of Claim            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   2/8/2023
                   MM / DD / YYYY

/s/  Dawn Wolterink
Signature

Print the name of the person who is completing and signing this claim:

Name       Dawn Wolterink
           First name    Middle name    Last name

Title      Credit Oversight Officer

Company    Wells Fargo Commercial Distribution Finance, LLC
           Identify the corporate servicer as the company if the authorized agent is a servicer

Address    5595 Trillium Blvd.
           Number   Street
           Hoffman Estates, IL 60192
           City   State   ZIP Code

Contact phone  847–747–3170   Email   dawn.wolterink@wellsfargo.com

Official Form 410                           Proof of Claim                                    page 3

# ADDENDUM TO PROOF OF CLAIM

# FILED BY

# WELLS FARGO COMMERCIAL DISTRIBUTION FINANCE, LLC

1.　　This addendum is annexed to, and forms an integral part of, the proof of claim (as it may be amended, modified or supplemented, the "**Claim**")[1] of Wells Fargo Commercial Distribution Finance, LLC ("**WFCDF**") and Wells Fargo Bank, N.A. ("**WFBNA**" and, together with WFCDF, the "**Claimant**") and is incorporated therein by reference.

2.　　WFCDF has offices at 10 S. Wacker Drive, Chicago, Illinois 60606.

3.　　Dawn Wolterink, Credit Oversight Officer at WFCDF, is authorized to make this Claim on behalf of WFCDF.

4.　　On December 6, 2022 (the "**Petition Date**"), Orbit Energy & Power, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. § 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (Camden Vicinage) (the "**Bankruptcy Court**"), case number 22-19628-ABA.

## BASES FOR CLAIMS AGAINST THE DEBTOR

5.　　On or about February 16, 2022, the Debtor entered into an "Inventory Financing Agreement" (the "**Financing Agreement**") with Claimant. Pursuant to the terms of the Financing Agreement, to secure the obligations of Debtor to Claimant, Debtor granted Claimant a security

---

[1] Capitalized terms not otherwise defined in this Addendum shall have the meaning ascribed to such terms in the Financing Agreements (as defined below).

interest in the Financed Inventory (as defined below) as more specifically described in the Financing Agreement.

6. Claimant perfected its security interest in the Collateral by: (i) filing with the Department of Treasury for the State of New Jersey on March 25, 2022, a UCC-1 financing statement (filing no. 55839532) (the "**Financing Statement**"); and (ii) providing notice of Claimant's purchase-money security interest to the Debtor's other creditors.

7. Pursuant to the terms of the Financing Agreement, Claimant financed the Debtor's acquisition of inventory to be held for sale in the ordinary course of Debtor's business (the "**Financed Inventory**").

8. The Financing Agreement grants Claimant a first priority purchase money lien in the Financed Inventory and the proceeds thereof. Accordingly, Claimant holds a first priority purchase money security interest in the Financed Inventory, along with any and all proceeds from the Financed Inventory, including specifically any cash collateral.

9. In addition, and as further security for the amounts loaned under the Financing Agreement, on March 15, 2023, Debtor provided Claimant an irrevocable letter of credit in the amount of $30,000.00 (the "**ILOC**"). Pursuant to the ILOC, the funds provided thereunder are "the exclusive property of [Claimant] . . . as security for performance by [Debtor]", which Claimant "shall have any right to debit [the ILOC] at any time to satisfy the obligations owing to

[Claimant]." As of the date of this Claim, Claimant has requested, but not applied the funds under the ILOC to the Debtor's obligations owing under the Financing Agreement.

10. This Claim is based upon the Financing Agreement, the Financing Statement, and ILOC (as amended supplemented, or modified from time to time, the "**Transaction Documents**").[2]

## AMOUNT AND NATURE OF CLAIM

11. As of the date of the filing of this Claim, the Debtor is indebted to Claimant in the amount of not less than $83,442.75 which includes the following amounts:

| Principal | $78,849.18 |
|---|---|
| Interest | $4,422.53 |
| Late Charges | $171.04 |
| **TOTAL:** | **$83,442.75** |

along with any other applicable fees, interests, or costs (including, without limitation, attorneys' fees and expenses) due under the Financing Agreements or otherwise, which Claim is secured by a first priority purchase money security interest in the Financed Inventory, along with any and all proceeds (including, without limitation, cash collateral) of the Financed Inventory.

## SUPPORTING DOCUMENTS

12. On information and belief, the Debtor has copies of the Transaction Documents. Accordingly, the Transaction Documents are not annexed to this Claim. Copies of the Transaction Documents will be made available upon written request to Claimant's counsel.

---

[2] Any summary of the Transaction Documents in this Addendum is qualified by the actual terms of such documents.

- 3 -

## CREDITS AND SETOFF

13. Claimant believes that the Claim is not subject to any setoffs, defenses, or counterclaims by the Debtor. To the extent, however, that the Debtor asserts claims against Claimant, Claimant reserves the right to assert that any such claims are subject to rights of setoff or recoupment.

## RESERVATION OF RIGHTS

14. In filing this Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor or any other party with respect to the obligations described herein. Further, Claimant does not, by this Claim, any amendment thereto, or other action, waive any rights with respect to any scheduled claim.

15. Claimant reserves the right to amend, modify, supplement, restate, or withdraw, for any reason, this Claim in any manner, including without limitation, with respect to (i) the amount, priority, or security of this Claim or the identity of the entities liable thereon, (ii) the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or (iii) filing additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees). Claimant also reserves the right to seek payment of any portion of this Claim under section 503(b) of the Bankruptcy Code or otherwise.

16. Nothing in this Claim shall be deemed a waiver of any rights or remedies that Claimant may have under the Transaction Documents, any other documents, or applicable law, or the benefit of subordination of any other claims. All such rights and remedies are expressly

reserved. Claimant reserves all of its rights relating to any plan of reorganization proposed in the chapter 11 case of the Debtor.

17. Without limiting the foregoing, and for the avoidance of doubt, Claimant reserves its rights with respect to any distributions on account of all avoidance actions under chapter 5 of the Bankruptcy Code and other claims and causes of action.

18. The filing of this Claim is not and shall not be deemed or construed as:

  (a) a waiver of any of the Claimant's rights to file or otherwise assert any other claim against the Debtor, including an administrative claim under section 503 of the Bankruptcy Code;

  (b) a consent by Claimant to the jurisdiction of the Bankruptcy Court or any other court except for the determination of the amount and priority of this Claim;

  (c) a consent by Claimant to a jury trial in the Bankruptcy Court;

  (d) a waiver or release of Claimant's rights to have any and all final orders in any and all non-core matters or proceedings entered only after a *de novo* review by a United States District Court;

  (e) a waiver of any of Claimant's rights to move to withdraw the reference with respect to the subject matter of this Claim, any objection to this Claim, or other proceeding that may be commenced in the Debtor's chapter 11 case against or otherwise involving W Claimant; or

  (f) an election of remedies.

## **NOTICES**

19. All notices with respect to this Claim should be sent to:

WELLS FARGO COMMERCIAL DISTRIBUTION FINANCE, LLC
5595 Trillium Blvd
Hoffman Estates, Illinois 60192
Attn: Dawn Wolterink

With copies to:

REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, Delaware 19801
Attn: Jason D. Angelo, Esq.