UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

E. RICHARD DRESSEL, ESQUIRE (ED1793)
LEX NOVA LAW LLC
20000 Horizon Way, Suite 750
Mt. Laurel, NJ 08054
(856) 382-8211
Attorneys for Andrew Sklar,
      Chapter 7 Trustee

| | |
|---|---|
| In re: | Case No. 22-19628(ABA) |
| ORBIT ENERGY & POWER, LLC, | Chapter 7 |
| Debtor. | Hearing Date and Time: |
| |     April 28, 2026 at 10:00 a.m. |

ORDER ESTALISHING THE DEADLINE FOR THE FILING OF CHAPTER 11
ADMINISTRATIVE CLAIMS AND APPROVING NOTICE THEREOF

The relief set forth on the following pages, numbered two (2) through six (6), shall be, and

hereby is, **ORDERED**.

#845570 v1

(Page 2)

| | |
|---|---|
| Debtor: | Orbit Energy & Power, LLC |
| Case No.: | 22-19628 (ABA) |
| Caption of Order: | Order Establishing the Deadline for the Filing of Chapter 11 Administrative Claims and Approving the Notice Thereof |

THIS MATTER having come before the Court upon the motion (the "Motion")[1] of Andrew Sklar, the Chapter 7 Trustee ("Trustee") for the bankruptcy case of Orbit Energy & Power, LLC (the "Debtor") requesting the entry of an order: (a) establishing the deadline for the filing of Chapter 11 administrative claims against the Debtor, (b) approving the form and manner of notice of the Bar Date (defined below), (c) authorizing the Trustee to publish notice of the Bar Date, and (d) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion shall be, and hereby is, GRANTED.

2.      August 31, 2026 at 11:59 p.m. (prevailing Eastern time) is the deadline for all persons and entities, including Governmental Units (as defined in section 101(27) of the Bankruptcy Code), to file Chapter 11 Administrative Claims in this Chapter 11 Case (the "Bar Date").

3.      The Chapter 11 Administrative Claim Form, Bar Date Notice, and the Publication Notice, in the forms annexed as Exhibits A, B, and C, respectively, are hereby approved.

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Motion or the Bankruptcy Code.

#845570 v1

(Page 3)

Debtor: Orbit Energy & Power, LLC
Case No.: 22-19628 (ABA)
Caption of Order: Order Establishing the Deadline for the Filing of Chapter 11 Administrative Claims and Approving the Notice Thereof

---

4.      Except as provided in paragraph 6 of this Order, any person or entity holding a Chapter 11 administrative claim against the Debtor must file a Request for Payment of Administrative Expense in accordance with the procedures described herein by the Bar Date.  The Chapter 11 Bar Date applies to all persons and entities, including Governmental Units[2], that assert Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor that arose subsequent to December 6, 2022, the Debtor's Chapter 11 Petition Date and prior to February 27, 2023, the date the Chapter 11 case was converted to the instant Chapter 7 case.

5.      Any person or entity who is required to file an Administrative Claim pursuant to this Order but fails to do so on or before the Bar Date (i) shall not be treated as a creditor with respect to such Claim and shall not be entitled to share in any distribution on account of such Administrative Claim; and (ii) shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtor (or filing an administrative claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Claim.

6.      The following persons or entities must file an Administrative Claim on or before the Bar Date:

(a) Any person or entity which has not yet filed an Administrative Claim for any amounts owed by the Debtor subsequent to the Petition Date and prior to February 27, 2023, the date the Chapter 11 was converted to the instant Chapter 7 case.

---

[2] This applies to all Governmental Units that assert Claims, as defined in §101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority).

#845570 v1

(Page 4)
Debtor:                 Orbit Energy & Power, LLC
Case No.:               22-19628 (ABA)
Caption of Order:       Order Establishing the Deadline for the Filing of Chapter 11 Administrative Claims and
                        Approving the Notice Thereof

_____

7.      The following persons or entities are not required to file Requests for Payment of

Administrative Expense at this time:

(a) Any person or entity that has already properly filed an Administrative Claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the District of New Jersey;

(b) Any professional retained by the Debtor pursuant to an order of this Court, who assert Administrative Claims for payment of fees and expenses subject to the Court's approval, pursuant to the applicable sections of the Bankruptcy Code;

(c) Any person or entity that has already properly filed an Administrative Claim against the Debtor pursuant to the applicable sections of the Bankruptcy Code;

(d) Any person or entity whose Administrative Claim against the Debtor is allowed by an order of the Court entered on or before the Bar Date; and

(e) Any person or entity whose Administrative Claim has been previously settled or paid in full or released.

8.      Administrative Claims must be filed with the Court or with the Clerk of the Court.

9.      All claimants shall submit their Administrative Claims using the Request for

Payment of Administrative Expense form, a copy of which is attached as <u>Exhibit A</u>.  In order to

be considered valid, each Administrative Claim submitted must: (a) be written in English, (b) be

denominated in lawful currency of the United States as of the Petition Date, (c) have attached

copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c)

and 3001(d) (including for secured claims, evidence that the security interest has been perfected);

and (d) be received by the Bankruptcy Court Clerk on or before the Bar Date.  Administrative

Claims may be filed electronically using the form available on the United States Bankruptcy Court

for the District of New Jersey's Website.  Administrative Claims sent by facsimile, telecopy, or e-

mail will not be accepted.

#845570 v1

(Page 5)
Debtor:                 Orbit Energy & Power, LLC
Case No.:               22-19628 (ABA)
Caption of Order:       Order Establishing the Deadline for the Filing of Chapter 11 Administrative Claims and
                        Approving the Notice Thereof

_____

10.     Within seven (7) days following entry of the Bar Date Order, the Trustee shall serve by United States mail, first-class postage prepaid: (i) notice of the Bar Date, in substantially the form attached to the proposed Bar Date Order as Exhibit B and incorporated herein by reference (the "Bar Date Notice"); and (ii) a copy of the Request for Payment of Administrative Expense form (together with the General Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all entities who have filed a notice of appearance in the Debtor's case; (c) all creditors listed in the Debtor's Schedules; (d) all parties to executory contracts and unexpired leases of the Debtor; (e) all entities that have previously filed Administrative Claims in the Debtor's Chapter 11 Case; (f) any other entities or their counsel, including governmental units, known to the Trustee as entities who may reasonably be expected to have claims against the estate; and (g) such additional persons and entities as deemed appropriate by the Trustee.

11.     In addition to providing direct notice to known creditors, subject to applicable publication guidelines and submission deadlines, the Trustee shall cause a notice in substantially the form attached as Exhibit C (the "Publication Notice") to be published not later than sixty (60) days prior to the Bar Date in the Wall Street Journal.

12.     The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file an Administrative Claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hannover Bank & Trust Co.,* 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.,* 691 F.3d 218

#845570 v1

(Page 6)

| | |
|---|---|
| Debtor: | Orbit Energy & Power, LLC |
| Case No.: | 22-19628 (ABA) |
| Caption of Order: | Order Establishing the Deadline for the Filing of Chapter 11 Administrative Claims and Approving the Notice Thereof |

---

(2d Cir. 2012). Accordingly, the Trustee authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

13. Nothing contained in this Order is intended or should be construed as a finding as to the validity of any Administrative Claim against the Debtor and the bankruptcy estate, and all parties retain all rights to dispute any claim on any grounds. All parties retain the right to dispute, or to assert offsets or defenses to, any Administrative Claims as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

14. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

#845570 v1