E. RICHARD DRESSEL, ESQUIRE (ED1793)
LEX NOVA LAW LLC
20000 Horizon Way, Suite 750
Mt. Laurel, NJ 08054
(856) 382-8211
Attorneys for Andrew Sklar, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 22-19628(ABA) |
| ORBIT ENERGY & POWER, LLC, | Chapter 7 |
| Debtor. | Judge:  Andrew B. Altenberg |
| | Hearing Date and Time:<br>April 28, 2026 at 10:00 a.m. |

### BRIEF IN SUPPORT OF MOTION FOR THE ENTRY OF AN ORDER ESTABLISHING  THE DEADLINE FOR THE FILING OF CHAPTER 11 ADMINISTRATIVE CLAIMS AND APPROVING THE NOTICE THEREOF

Andrew Sklar, Chapter 7 Trustee (the "Trustee"), in the bankruptcy case of Orbit Energy & Power, LLC ("Orbit" or, the "Debtor"), by and through his undersigned counsel, submits this motion (the "Motion") seeking the entry of an order: (i) establishing deadline to file administrative claims against the Debtor, including but not limited to all claims of setoff or recoupment and claims arising under section 503(b)(9) of the Bankruptcy Code; (ii) approving the notice of the Bar Date (defined below); (iii) authorizing the Trustee to publish notice of the Bar Date, and (iv) granting related relief.  In support of this Motion, the Trustee respectfully states as follows:

#845574 v1

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought in this Motion are sections 105, 107, 501, 502, 503 and 1111(a)  of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 3003, 5005, 9008 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and D.N.J. LBR 9013-1.

## BACKGROUND

3.      On December 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      On February 27, 2003, an Order was entered converting the Debtor's case to the instant Chapter 7 case.

5.      On August 30, 2023, Andrew Sklar was appointed to serve as the [successor] Chapter 7 Trustee for this case, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment.

6.      For purposes of this Motion, "Administrative Claim" shall mean any creditor's claim which arose between the time Orbit filed its original Chapter 11 petition on December 6, 2022 through and including February 7, 2023, the date on which the Orbit Chapter 11 proceeding was converted to the instant Chapter 7 case.

2

#845574 v1

7.      After the Trustee's liquidation of assets and the payment of Chapter 7 administrative claims, the Trustee submits that there will be monies in the bankruptcy estate to make pro-rata distributions to holders of allowed Chapter 11 Administrative Claims.[1]

<u>RELIEF REQUESTED</u>

8.      By this Motion, the Trustee respectfully requests that the Court enter an order (the "<u>Bar Date Order</u>"), substantially in the form of the proposed order simultaneously filed with this Motion, pursuant to sections 105(a) and 501 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003 and 9008: (i) establishing <u>Augst 31, 2026 at 11:59 p.m. (prevailing Eastern time)</u> as the deadline by which all creditors, including governmental units[2] (as defined in section 101(27) of the Bankruptcy Code), must file Administrative Claims (the "Bar Date"), (ii) approving the proposed forms of notice of the Bar Date and the Bar Date Order attached as <u>Exhibit B</u>, the manner of distribution of such notices; and (iii) granting related relief as may be appropriate.

<u>THE BAR DATE</u>

9.      The Trustee requests that the Court establish a Bar Date for the filing of Administrative Claims for amounts owed by the Debtor during its Chapter 11 prior to the conversion of the Chapter 11 proceeding to the instant Chapter 7 case, including but not limited to, amounts owed to vendors and customers during this period.

10.     Setting the Bar Date over four (4) months from the date of this Motion will allow for more than sufficient time for the Trustee to provide notice to potential claimants, and for those claimants to complete and submit a Request for Payment of Administrative Expense form to share in distributions to holders of Allowed Chapter 11 Administrative Claims.

---

[1] The Trustee further submits that, after payment of [pro-rata] distributions to holders of Allowed Chapter 11 Administrative Claims, there will be no funds available to pay pre-petition claims of the Debtor.

[2] Governmental units share the same Bar Date as all creditors as 180 days has already passed from the Petition Date and notice of the case. A Request for Payment of Administrative Expense form (defined herein) is attached as Exhibit A.

3

11. Additionally, the Bar Date is at least 180 days after the Petition Date as required by section 502(b)(9) of the Bankruptcy Code for governmental entities.

12. The fixing of the Bar Date will enable Chapter 11 Administrative Claims to be established for purposes of the Trustee making final distributions (TFR, etc). The Trustee submits that the proposed notice procedures set forth below will provide administrative creditors with sufficient time to prepare and timely file Administrative Claims. The Trustee requests that the Court order that all such Administrative Claims be deemed timely filed only if they are actually filed with the Bankruptcy Court on or before the Bar Date.

WHO MUST FILE REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE FORMS

13. The Bar Date Order provides that except as set forth below, all persons and entities holding administrative claims, including, without limitation, the following entities, must file a completed Request for Payment of Administrative Expense form on or before the applicable Bar Date:

    a. Any person or entity which has not yet filed an Administrative Claim for any amounts owed by Debtor subsequent to the Petition Date and prior to February 27, 2023, the date the Chapter 11 was converted to the instant Chapter 7 case.

14. Pursuant to the proposed Bar Date Order, the following persons or entities are not required to file an Administrative Claim at this time:

    a. Any person or entity that has already properly filed an Administrative Claim against the Debtor with the Clerk of the Court of the United States Bankruptcy court for the District of New Jersey;

    b. Any professionals retained by the Debtor pursuant to an order of this Court, who assert Administrative Claims for payment of fees and expenses subject to the Court's approval, pursuant to the applicable sections of the Bankruptcy Code;

    c. Any person or entity that has already properly filed an Administrative Claim against the Debtor pursuant to the applicable sections of the Bankruptcy Code;

#845574 v1

d.      Any person or entity whose Administrative Claim against the Debtor is allowed by an order of the Court entered on or before the Bar Date; and

e.      Any person or entity whose Administrative Claim has been previously settled or paid in full or released.

<u>REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM FORMS</u>

<u>The Administrative Claim</u>

15.     The Trustee proposes that the form of Request for Payment of Administrative Expense form (the "<u>Administrative Claim Form</u>"), Exhibit A, be used by all claimants to provide proof of any Administrative Claims (each such completed and timely submitted form, an "<u>Administrative Claim</u>").  The Trustee proposes to provide a copy of the Administrative Claim Form with the Bar Date Notice mailed to the parties set forth herein.

16.     The proposed Bar Date Order provides that, in order to be considered valid, each Administrative Claim submitted must: (a) be written in English, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Debtor upon request, and (d) be received by the Bankruptcy Court on or before the Bar Date.  Administrative Claims may be filed electronically using the form available on the United States Bankruptcy Court for the District of New Jersey's Website.  Administrative Claims sent by facsimile, telecopy or email will not be accepted.

5

## NOTICE PROCEDURES

17.    In order to satisfy the requirements of due process, notice of the Bar Dates must be reasonably calculated to apprise interested persons of deadlines. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the Debtor.  See Grant v. U.S. Home Corp. (In re U.S.H. Corp. of NY), 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998); see also Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995).  "Known" creditors must receive actual notice of bankruptcy proceedings.  See id. at 345.   By contrast, notice by media publication is sufficient to satisfy the requirements of due process for "unknown" creditors.  See id. at 346-47.

18.    A "known" creditor is one whose identity is either known or "reasonably ascertainable by the Debtor."  Chemetron Corp., 72 F.3d at 346 (citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478 (1988)).  In identifying a "known" creditor, due process requires debtors to perform reasonable diligence of their books and records—but it does not require that debtors engage in "impracticable and extended searches." Mullane, 339 U.S. at 317; Chemetron Corp., 72 F.3d at 346-47 (stating that "[p]recedent demonstrates that what is required is not a vast, open ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors."); see also In re Thompson McKinnon Securities, Inc., 130 B.R. 717, 720 (Bankr. S.D.N.Y. 1991) (noting that the Debtor is not required to search out each conceivable possible creditor).

6

19.     By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of the debtor.  Mullane, 339 U.S. at 317.  In such cases, the Supreme Court has recognized that notice by publication can satisfy due process.  Id.  ("[I]n the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.") (citing Cunnius v. Reading School District, 198 U.S. 458 (1905)).

20.     In assessing the adequacy of notice by publication, the Supreme Court has taught that "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 547 U.S. at 238. The Second Circuit has suggested that publishing a notice multiple times, or via publication in multiple outlets and different media, increases the likelihood that such publication notice meets the due process standards under the Constitution. Hecht v. United Collection Bureau, Inc., 691 F.3d 218 (2d Cir. 2012) (noting that "when courts have approved notice by publication, they have tended to do so where the notices either ran more than once or appeared in more than one publication") (collecting cases).

21.     Moreover, particularly in the bankruptcy context, when determining whether a creditor is "known" or "unknown," and therefore assessing the appropriate form of notice, and the level of resources required to be devoted to providing notice, courts recognize that they must balance the interests of the debtor's existing and potential creditors as well as other parties in interest. See Vancouver Women's Health Collective Soc. v. A.H. Robins, Inc., 820 F.3d 1359, 1364 (4th Cir. 1987) ("In bankruptcy, the court has an obligation not only to the potential

claimants, but also to existing claimants . . . . The court must balance the needs of notification of potential claimants with the interest of existing creditors and claimants"); In re Circuit City Stores, Inc., 439 B.R. 652, 660 (Bankr. E.D. Va. 2010) (noting that "factors to be considered include: (1) whether the identity of the creditors or their claims are conjectural or can be reasonably ascertained, (2) whether the cost of giving actual notice would consume a disproportionate share of the debtor's resources, and (3) the obligation of the court to the existing creditors . . . and the balance of the debtor's resources.") (internal citations omitted); accord In re BGI, Inc., 476 B.R. 812, 823 (Bankr. S.D.N.Y. 2012) (noting that "a debtor is not obligated to try to find and serve notice on any individual who could potentially be a creditor" and finding that publication once in the national edition of The New York Times was sufficient to provide constructive notice to unknown claimants) aff'd on other grounds Beeman v. BGI Creditors' Liquidating Trust, 772 F.3d 102 (2d Cir. 2014); Fogel v. Zell, 221 F.3d 955, 963 (7th Cir. 2000); In re GAC Corp., 681 F.2d 1295, 1300 (11th Cir. 1982).

A.  Direct Mail Notice to Known Creditors.

22.    Within seven (7) days following entry of the Bar Date Order, the Trustee shall serve by United States mail, first-class postage prepaid: (i) notice of the Bar Date, substantially in the form attached as Exhibit B and incorporated herein by reference to the proposed Bar Date Order (the "Bar Date Notice"); and (ii) a copy of the Administrative Claim Form (together with the General Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all entities who have filed a notice of appearance in the Debtor's case; (c) all creditors listed in the Debtor's Schedules; (d) all parties to executory contracts and unexpired leases of the Debtor; (e) all entities that have previously filed proofs of claim in the Debtor's Chapter 11 Case; (f) any other entities or their counsel, including governmental units,

8

known to the Trustee as entities who may reasonably be expected to have Administrative Claims against the estate; and (g) such additional persons and entities as deemed appropriate by the Trustee.

23.     The Trustee believes this timeframe and manner of giving notice of the Bar Date is reasonable and sufficient to provide all claimants adequate time to prepare and submit proofs of their claim.

B.  Publication Notice to Unknown Creditors

24.     The Trustee has determined that it would be in the best interest of its estate to give supplemental notice of the Bar Date by publication pursuant to Bankruptcy Rule 2002(l) so that unknown claimants will be notified of the Bar Date and the requirement to file a Request for payment of Administrative Expense form on/before the Bar Date. Accordingly, subject to applicable publication guidelines and submission deadlines, the Trustee proposes to cause a notice in substantially the form attached to the proposed Bar Date Order as Exhibit C (the "Publication Notice") to be published not later than sixty (60) prior to the Bar Date in the Wall Street Journal.

25.     In the Trustee's business judgment, the publication schedule and additional means of dissemination of notice of the Bar Date described above are reasonably calculated to apprise unknown or otherwise unreachable creditors, who without such measures might not receive notice, of the pendency of the Debtor's Chapter 11 Case and the upcoming Bar Date.

26.     Additionally, the Bar Date Notice and Publication Notice will: (i) provide notice of the Bar Date; (ii) advise creditors of the possible need to file an Administrative Claim; and (iii) alert creditors to the consequences of failing to timely file an Administrative Claim.  The Trustee respectfully suggests that the publication protocol outlined above is appropriate and that

#845574 v1

the Bar Date Notice and Publication Notice will provide creditors with sufficient information to file properly prepared and executed proofs of claim in a timely manner.

RELIEF REQUESTED

27.     The Trustee brings this Motion pursuant to Bankruptcy Rule 9013 to request that the Court enter an Order fixing the  time within which Chapter 11 Administrative Claims may be filed and that any creditor who asserts an administrative claim against the Debtor but does not file a Request for Payment of Administrative Expense form shall not be treated as an administrative creditor with respect to such claim for the purpose of distribution in this Chapter 7 case.

28.     The Trustee submits that the proposed Bar Date will provide potential claimants with an adequate amount of time after mailing of the Bar Date Notice and publication of the Publication Notice to file Administrative Claims if appropriate and necessary.  This includes governmental units who have received the required 180 days after the Petition Date to file their Administrative Claims.

29.     The establishment of a deadline to file Administrative Claims is essential for the Chapter 7 case to proceed toward closing.  Establishing with certainty the universe of Chapter 11 Administrative Claims asserted will enable the Trustee to make distributions to the Allowed Chapter 11 Claims.  In order to provide this certainty, the Trustee proposes that any person or entity who, pursuant to Bankruptcy Rule 3003(c)(2), is required to file a Chapter 11 Administrative Claim, but fails to do so on or before the Bar Date, be prohibited from participating in any distribution to holders of allowed Chapter 11 Administrative Claim and shall not be entitled to receive any further notice in this case regarding such claim.

10

## CONSEQUENCES OF FAILING TO FILE AN ADMINISTRATIVE CLAIM

30.     A person, entity or governmental unit that is required to file an Administrative Claim in the form and manner specified in the Bar Date Order and that fails to do so on or before the Bar Date: (i) shall not, with respect to such claim, be treated as an Administrative creditor, (ii) shall not receive or be entitled to receive any payment or distribution of property from the estate, or the Debtor's successors or assigns with respect to such alleged Administrative Claim; and (iii) shall be forever barred from asserting an administrative claim against the Debtor, the estate, or their successors or assigns, unless otherwise ordered by the Court.

## RESERVATION OF RIGHTS

31.     Nothing contained herein is intended or should be construed as an admission as to the validity of any Administrative Claim or the Trustee's rights to dispute any claim on any grounds, including, but not limited to, the passing of the applicable statutes of limitations. The Trustee reserves their right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed. Nothing set forth herein is intended or should be construed as a waiver by the Trustee of any rights under the Code of Canon law, or any applicable State or Federal law.

## WAIVER OF MEMORANDUM OF LAW

32.     Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Trustee respectfully submits that the Court waive the requirement of a further memorandum of law pursuant to D.N.J. LBR 9013- 1(a)(3).

11

#845574 v1

<u>NO PRIOR REQUEST</u>

33.     No prior request for the relief sought herein has been made by the Trustee to this or any other court.

<u>NOTICE</u>

34.     Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iii) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (v) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (vi) those parties who have filed a notice of appearance and request for service of pleadings in this Case pursuant to Fed. R. Bankr. P. 2002; and (vii) the Debtor's twenty largest unsecured creditors.  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

#845574 v1

CONCLUSION

WHEREFORE, Andrew Sklar, the Chapter 7 Trustee respectfully requests that this Court: (i) enter an order, in substantially the form submitted herewith, granting the relief requested herein; and (ii) grant the Trustee such other and further relief as the Court deems just and proper.

LEX NOVA LAW LLC

Dated:  March 18, 2026

By:___/s/ E. Richard Dressel_____
    E. RICHARD DRESSEL
    20000 Horizon Way, Suite 750
    Mt. Laurel, NJ 08054
    Attorneys for Andrew Sklar,
        Chapter 7 Trustee

13

#845574 v1